Griffith *vs.* Shipp.

---

JOHN A. GRIFFITH, for use, etc., plaintiff in error, *vs.* CANNON H. SHIPP, defendant in error.

1. Where an execution has been levied upon the property of the defendant, it was error in the Court to dismiss the levy on the ground that no affidavit had been filed as to the payment of taxes as required by the Relief Act of October 13th, 1870.

2. According to the provisions of the 3264th section of the Code, in order to traverse the entry of service by the sheriff, the defendant should show that he had done so at the first term after notice of such entry is had by him, or should show that he had no notice of the pendency of the suit against him prior to the rendition of the judgment.

Relief Act of 1870. Illegality. Service. Before Judge RICE. Walton Superior Court. February Term, 1873.

For the facts of this case, see the decision.

CLARK & PACE; WALKER & McDANIEL, for plaintiff in error.

J. W. ARNOLD, by brief, for defendant.

WARNER, Chief Justice.

This case came before the Court below on an issue formed upon an affidavit of illegality to an execution which had been levied on the defendant's property, on the ground that he had not been served with the original process in the case in which the judgment and execution was obtained.

It appears on the face of the record that the defendant was served by the sheriff. The defendant proposed to prove by the sheriff, and by himself, that he had not been served, and the Court admitted the evidence, but there was no judgment rendered by the Court upon that issue. The Court, however, dismissed the plaintiff's levy on the property of defendant on the ground that no affidavit had been filed as to the payment of taxes, as required by the Act of 1870, and that was the only judgment rendered by the Court in the case, to which judgment the plaintiff excepted. The dismissal of the plaintiff's levy on the property of defendant because there was no affidavit of the payment of taxes, as required by the Act of 1870, was error. It would seem that according to the provisions of the 3264th section of the Code, that in order to traverse the entry of service by the sheriff, that the defendant should show that he has done so at the first term after notice of such entry is had by him, or should show that he had no notice of the pendency of the suit against him prior to the rendition of the judgment.

Let the judgment of the Court below be reversed.