JOHN G. D. PITTMAN, plaintiff in error, *vs.* ELIZABETH JONES *et al.*, defendants in error.

[TRIPPE, Judge, was providentially prevented from presiding in this case.]

There was no error in the judgment of the court overruling the *certiorari* in this case. It is to be presumed that the officer made an entry of service, and the defendant having been present at the court and notified of the pendency of the suit, it is too late, under section 3340 of the Code, to contest the official return of service made by the bailiff.

Judgment. Service. Officer. Presumption. Before Judge STROZER. Quitman Superior Court. November Term, 1873.

Elizabeth Jones and Debby Jones brought suit in the justice court for the one thousand one hundred and ninety-fifth district, against John G. D. Pittman, on a note dated May

Pittman *vs.* Jones *et al.*

16th, 1873, payable one day after date to plaintiffs or bearer, for $32 17. The usual notice of suit was served upon the defendant, except the justice failed to sign it. At the trial term, the defendant was present and was asked if he had any defense, to which he made no response. Judgment was then rendered for the amount sued for. To the execution based thereon, the defendant filed an affidavit of illegality, to the effect that he never had had any legal notice of the suit in which the judgment was obtained, and that he did "not know of any note he gave except for $30 00."

The record does not show any official entry of service, though the petition for *certiorari* states that the defendant proved by the bailiff that the notice of suit above referred to was the only one served on him.

On the trial of the illegality, the court amended the judgment by making it stand for $30 17, and ordered the execution to proceed for that amount. To this ruling the defendant excepted, and filed his petition for *certiorari*. The writ was ordered to issue, but upon the final trial, the judgment of the justice was affirmed, and defendant excepted.

JOHN T. CLARKE; J. H. GUERRY, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

The record does not contain a copy of the proceedings in the justice court, nor it is very clear what was the real point of the plaintiff in error in his affidavit. As, however, it is stated that he was not *legally* served, it is but fair to presume that there was a legal summons issued, and that it was the copy served on him that was deficient. Had the objection been to the original process the true ground would have been that there was no process. Assuming, then, that the original was right, that it was signed by the magistrate, and that the constable, in good faith, thought he had served a true copy, it follows that the constable made a return accordingly. As the

case stood then on the trial of the affidavit of illegality, there was, first, as a part of the record, the bailiff's return of service, and it was for the defendant in the suit to traverse that. By the common law this could not be done. Such an entry was conclusive, and except for the provision of the Code, section 3340, the issue would necessarily be decided against the defendant in the execution. To give his proof any weight at all he must bring himself within the provision of the Code. That is, he must show that he has made his objection at the first term after notice of such entry. The plaintiff in error had every reason to suppose the bailiff would make such an entry, and, at the time of the judgment, he was informed such a suit was pending and was about to go into judgment against him. We think this was fair notice of the entry, and that he should then have attacked it and traversed it. We do not mean that his presence in court was an appearance so as that he would be bound by the judgment, whether served or not, but that he is not allowed by law to contest the return, because he was fully aware that such a return was made, and he failed at the proper time to traverse it. After that failure it became, as to the parties to that suit, conclusive, and the law will not permit the defendant to deny it. He is remitted to his remedy against the officer if he has been hurt by his false return. It may be thought that this is a very technical view of the case, and that is true. But the defendant in the execution comes into court on a purely technical ground. He had as complete a notice of the suit as though the copy had been complete. This claim to set aside the judgment stands solely on the ground that the copy was not a true copy, because it wanted the copy of the magistrate's name, a mistake purely clerical. He has no right to complain if he is judged by technical rules on this technical objection; and we affirm the judgment.

Judgment affirmed.