STATE AND COUNTY, for use, etc., plaintiff in error, *vs.* JOHN T. WINGFIELD, administrator, defendant in error.

1. Before the act of August 24, 1872, a tax collector had no authority to transfer a tax execution so as to entitle the transferree to enforce it against the property of the defendant.
2. Where a person, other than the defendant to an execution, filed an affidavit of illegality thereto, which was dismissed, such affidavit and the order of dismissal thereon, are not evidence for the plaintiff upon the trial of a claim subsequently filed by the same party.

Tax.   Executions.   Evidence.   Levy and sale.   Before Judge CLARK.   Sumter Superior Court.   October Adjourned Term, 1876.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

COOK & CRISP; B. P. HOLLIS, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the plaintiff offered and read in evidence, a tax *fi. fa.*, issued by the tax collector of Sumter county in favor of the state and county against J. M. Alston, for taxes due by him for the year 1870. The following entry appeared on the back of the *fi. fa.;* "Harrold Johnson & Co., having advanced to the state and county the amount due on this *fi. fa.*, the same is hereby transferred to them, September, 1872, (signed) S. P. Boone, Tax Collector." Claimant proved that the tax *fi. fa.* was transferred to Harrold Johnson & Co., before the passage of the act of the 24th of August, 1872, authorizing the transfer of tax *fi. fas.*, notwithstanding the transfer on the *fi. fa.* appeared to have been made afterwards. Plaintiff offered in evidence an affidavit of illegality made by the claimant Wingfield to the *fi. fa.*, which was issued against the defendant Alston, and the judgment of the court dismissing the same, which the court rejected, and plaintiff excepted. The plaintiff requested the court to charge the jury, "that if Harrold Johnson & Co. bought said tax *fi. fa.*, and received the transfer, though before the date of the act, and the *fi. fa.* had not been paid, that they had the right to enforce its collection." Which request the court refused, and the plaintiff excepted. The jury found the property not subject.

1. The facts of this case bring it within the ruling of this court in *Smith vs. Mason*, 48th *Georgia Reports*, 177, and the court did not err in refusing to charge as requested.

There was no error in rejecting the affidavit of illegality made by Wingfield, the claimant, to the execution issued against Alston, the defendant therein, and the judgment of the court dismissing the same. The *fi. fa.* was issued against J. M. Alston, and was levied on the land as *his* property, and the legal presumption is, that the affidavit of

illegality was dismissed because it was not made by the defendant in *fi. fa.*, against whom it issued.

Let the judgment of the court below be affirmed.