<hr />

BROWER *vs.* COTHRAN, next friend, *et al.*

The time when the motion for new trial in this case was made, and the reasons why it was not made in term, were considered when this case was before the Supreme Court at the September term. 1883, and it was held that the motion should be dismissed.    This is now *res adjudicata.*

(*a.*) The fact that counsel thought that the mode of moving for a new trial, when the motion could not be prepared at length and the brief of evidence be fully made out at the trial term, was different from what the law required, furnishes no ground for an extraor-dinary motion for new trial; nor does the fact that the judge who presided agreed with counsel in this erroneous opinion, furnish ground for such a motion.

(*b.*) It is unnecessary to consider the point made in regard to the pre-siding of the judge of the city court, as the two cases are practi-cally the same, and both are covered by the former ruling of this court in this case.

Judgment affirmed.

January 6, 1885.

JACKSON, Chief Justice.

[In this case, Judge Brown, of the Cherokee circuit, presided; the testimony and charge of the court, being long, could not be obtained immediately from the stenographer; and Judge Brown intended to leave next day, another judge holding court the next week. Counsel for defendant, against whom the verdict was rendered, took the following order:

"The above stated case having been tried at this term, and the defendant, A. T. H. Brower, being dissatisfied with the verdict and decree, and desiring to make a motion for a new trial, and the evidence being voluminous, it is, on motion of counsel for said Brower, ordered by the court that he be allowed until the first Monday in May next to make out and file such motion, together with a brief of the evidence, and that pending said motion, the decree rendered on said trial be superseded; and that the movant serve upon counsel for the complainant a copy of said motion by the fourth Monday in March next, and that, as soon as the stenographer makes out the oral evidence, the same be filed in the clerk's office, subject to the inspection of both parties; and that such motion be set for hearing before the Hon. James R. Brown on that date at Canton, Georgia, or at such other time and place as the said judge may appoint, the parties having due notice."

When the motion was called, counsel for plaintiff moved to dismiss it, as not made in term time, and because service had not been perfected as required in the order. This motion was overruled, and exception was taken thereto. The Supreme Court reversed the judgment below. (See 71 *Ga.*, 357.) The motion for new trial also was overruled, and defendant excepted, but, on the making of the ruling just stated, he withdrew his bill of exceptions, "without prejudice," by permission of the court.

Counsel for Brower thereupon amended the motion for new trial, alleging the reason why the motion was not made in term time, and praying that it be then heard. This motion came on before Hon. R. R. Harris, judge of the city court of Floyd county, who presided instead of Judge Branham. who was disqualified. He held that the

case was *res adjudicata*, under the ruling of the Supreme Court, and dismissed the motion. Brower excepted.

Counsel for Brower made an extraordinary motion for new trial, alleging substantially the same reasons therefor as above stated; and that the order was taken in accordance with the usual practice in the court, was not a consent order, and was taken with the belief, on the part of counsel and the presiding judge, that it was sufficient. This extraordinary motion was dismissed, on motion, and movant excepted.]