## SANFORD v. BATES *et al.*, survivors.

*Simmons, C. J.*—1. The truth of a return of service entered upon a declaration by a sheriff, stating that he had served the defendant with a copy of the declaration and process by leaving the same at his most notorious place of abode, cannot be called in question without traversing the return and making the officer a party to the traverse. Such traverse may and must be filed by the defendant at the first term after notice of such entry is had by him. In the absence of such traverse the entry of service is conclusive.

2. A judgment rendered by a court without jurisdiction is void and can be treated by the defendant as a mere nullity; but he cannot, when he has been served, go behind such judgment by an affidavit of illegality. Code, §3671; *Hartsfield* v. *Morris,* 89 *Ga.* 254.       *Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Affidavit of illegality. Before Judge Harris. City court of Floyd county. March term, 1895.

Suit was brought in January, 1889, in the city court of Floyd county, the declaration alleging that the defendant

10

resided in that county. The deputy-sheriff of that county made an entry on the process that service had been perfected by leaving a copy of the declaration and process at the defendant's most notorious place of abode. Judgment was rendered for the plaintiffs on June 11, 1889, and the execution therefrom was levied. Defendant interposed an affidavit of illegality, on two grounds: (1) He was not served with any process and copy of the declaration, and did not appear in person or by agent or attorney, nor has he had his day in court before the rendition of the judgment, nor did he have any notice or knowledge of the same until long after judgment was obtained. (2) When the suit was brought and at the time judgment was rendered, he resided in Greene county, and not in Floyd county; and the court rendering the judgment had no jurisdiction of his person. He offered evidence in support of these grounds; but the court held, upon inspection of the record and in the absence of a traverse of the return of service, that the evidence so offered was inadmissible; and dismissed the affidavit of illegality.

*McHenry, Nunnally & Neel,* for plaintiff in error.
*C. Rowell,* contra.