### 5449.   GEORGIA RAILWAY & POWER CO. *v.* DAVIS.

1. "In all pleas to the jurisdiction of the court, it must appear that there is another court in this State which has jurisdiction of the case." Civil Code, § 5666.
2. Objections to the return of a deputy sheriff which shows legal service on a defendant must be raised before judgment, by a plea in abatement, and in connection therewith the return must be duly traversed, and both the sheriff and the deputy sheriff are necessary parties to the traverse.
3. Where a plea in abatement, denying service of process, includes a traverse of the officer's return, but the traverse contains no prayer that he be made a party, and the record fails to disclose that he had lawful notice of the filing of the traverse, any proceeding had on the traverse will be ineffectual and void, and the return itself conclusive.

DECIDED JULY 21, 1914.

Action for damages; from city court of Carrollton—Judge Beall. October 22, 1913.

H. L. Davis brought suit in the city court of Carrollton against the Georgia Railway and Power Company, claiming damages. The following entry of service appears on the original declaration: "Georgia, Carroll County. I have this day served the defendant, the Georgia Railway & Power Co., a corporation, by serving J. G. Cheney, its agent in charge of its office and business in said county, by leaving a copy of the within writ and process with its agent, the said J. G. Cheney, at the office and place of doing business of said corporation in said Carroll County, Ga. This July 11th, 1913. J. L. Webb, Deputy Sheriff." At the appearance term the defendant filed a plea in abatement, duly verified, which alleged that no due and legal service had been made upon the defendant, and set out a copy of the return, and denied that J. G. Cheney, upon whom the said process was served, was an officer, servant, or agent of the defendant, or had power or authority to receive or accept service for the defendant, and denied that he was a person upon whom service could be made, so as to bind defendant. The defendant made this further allegation in the plea: "The defendant further shows that its domicile is in the county of Fulton, State of Georgia, where due and legal service may be obtained;" but the plea failed to show that there was another court in this State which had jurisdiction of the case, except in so far as this might be implied from the allegation quoted above. The defendant thereupon prayed the court for a discharge. The record discloses no prayer that the officer making the return of service be made a party to the proceeding, nor does it appear that the deputy sheriff or the sheriff was actually made a party, or that the failure to make these officers parties was in any way waived by the plaintiff. It does not appear that there was a motion to strike the special plea and traverse, on account of the failure to make the sheriff or the deputy sheriff a party, though the defect is urged in this court. By consent of both plaintiff and defendant the judge heard evidence and rendered judgment, without the intervention of a jury, on the issues raised by the plea in abatement, and found that J. G. Cheney was such an agent of the defendant as that service on Cheney would be binding on the company and that service on the defendant by serving Cheney was good and sufficient. The defendant, in its bill of ex-

ceptions, complains of the admission of alleged irrelevant and incompetent testimony, and complains of the judgment because the judge, in rendering it, announced, in effect, that he had admitted both parol and documentary evidence which was illegal, and added that he did so in the interest of time and intending to consider only the legal evidence and to exclude from consideration all illegal evidence so admitted. The judgment was further objected to because the judge announced that he would then rule out all parts of a number of letters previously introduced in evidence, "except such parts of them as illustrated the issues involved," and further said: "There being some objection made to the parol evidence, I will consider the same so far as legal and pertinent." It is objected that it was impossible for any person other than the judge himself to determine from these rulings what portion of the evidence the judge considered legal, what part he intended to exclude, or what part, in his opinion, illustrated the issues involved, or was pertinent and proper; so that it is impossible to determine upon what particular evidence in the record the judgment was based.

*Colquitt & Conyers, J. O. Newell, Leon Hood, M. O. Garner,* for plaintiff in error.

*S. Holderness, Roop & Fielder,* contra.

WADE, J. 1. If the allegation, in the defendant's plea, to the effect that its domicile was in the County of Fulton, State of Georgia, "where due and legal service may be obtained," was intended as a plea to the jurisdiction, it fell short of the necessary requirement of the Civil Code, § 5666, which declares that "in all pleas to the jurisdiction of the court, it must appear therein that there is another court in this State which has jurisdiction of the case." The code section is plain, and the point has often been ruled on explicitly by the Supreme Court. See *Kahn* v. *Southern Building & Loan Asso.,* 115 *Ga.* 459 (41 S. E. 648) ; *Fain* v. *Crawford,* 91 *Ga.* 30 (16 S. E. 106). It is not sufficient to deny the jurisdiction of the court within which the action was brought, without specifying which court has jurisdiction of the cause. *Ridling* v. *Stewart,* 77 *Ga.* 539; *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 55 *Ga.* 40; *Akers* v. *High Company,* 122 *Ga.* 279 (50 S. E. 105) ; *Pyron* v. *Ruohs,* 120 *Ga.* 1062 (48 S. E. 434).

2. As between parties and privies, the English common-law rule still obtains in many American States, that the return of an

officer is to be taken as true, "as to all matters which are properly the subject of a return by the officer, and it can be controverted only in an action against the officer for a false return, unless it is contradicted by other matter appearing of record in the case," etc. 32 Cyc. 514, 515. In Georgia, however, the statute declares (Civil Code, § 5566): "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." In the case of *Bell* v. *New Orleans & Northeastern Railroad Co., 2 Ga. App.* 812, 816 (59 S. E. 102, 104), the following rule is laid down: "When the record shows a valid return of service, and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be duly traversed. . . Being a dilatory plea, it must be filed at the first term, at least at the first term after notice, and must be sworn to. . . Unless duly traversed, the return of the sheriff is conclusive. If the return is made by a deputy sheriff, both the sheriff and the deputy sheriff must be made parties to the traverse." Under this ruling not only the deputy sheriff who actually made the return in this case should have been made a party to the traverse attacking it, but the sheriff also should have been made a party to the proceeding. The rule that the officer making the return is a necessary party to the traverse has been announced in many cases by our Supreme Court, and also in several cases by this court. In *O'Bryan* v. *Calhoun, 68 Ga.* 215, it is said that where there is a return by the officer, "if the defendant intends to attack the verity of such return, he must take steps by filing a traverse thereto and by order to make the sheriff a party;" and the court assigns as a reason therefor that the sheriff and his securities on his official bond have a vital interest in the question raised by the traverse to his return, and should have an opportunity to be heard on the issue so made by the defendant. In *Southern Express Co.* v. *National Bank of Tifton, 4 Ga. App.* 399 (61 S. E. 857), it is said that where the return of the officer shows legal service, it can only be attacked by a traverse filed thereto, "to which the officer

making the entry is a necessary party." In *O'Connell* v. *Friedman,* 118 *Ga.* 83 (45 S. E. 668), there was in the traverse no prayer that the officer making the entry should be made a party, and the record did not disclose that he was given any notice of the filing of the traverse; and the Supreme Court held that "there was therefore no error in striking the traverse." In *Southern Railway Co.* v. *Cook,* 106 *Ga.* 452 (32 S. E. 585), it was said: "Another ground of the motion complained of the court's disallowing a traverse of the entry of service, which had been filed by the defendant. It does not appear from the record that the sheriff who made the entry was made a party to this traverse or that any notice of its filing was given him. This alone was a sufficient reason for disallowing the traverse." In *Elder* v. *Cozart,* 59 *Ga.* 202, it was said: "It has been repeatedly ruled that the return of the sheriff is conclusive, unless traversed, and that the sheriff should be a party to the traverse, and that it must be made at the next term after notice of the entry." In *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35), it was held that the truth of the return of service entered upon a declaration by a sheriff "can not be called in question without traversing the return *and making the officer a party to the traverse.* . . In the absence of such traverse the entry of the service is conclusive."

From a consideration of these decisions it is easy to understand the reason and purpose of the rule requiring that the officer making an entry of service should be made a party to the proceeding, when the entry is brought into question by a traverse. If the officer has in fact failed to discharge his duties, to the proper performance of which he is held by his official bond, he and his sureties thereon are liable for his errors and omissions. The officer must therefore have an opportunity to be heard, if the judgment to be rendered is to have any binding effect upon him or his sureties. If a traverse to a sheriff's return of service were sustained where the sheriff had not been made a . party to the proceedings, and the plaintiff should thereby lose his claim or demand, and thereafter seek to hold the sheriff and his bondsmen liable for failure to serve the original process, or for failure to serve it on the proper person or persons, the judgment dismissing the proceeding for lack of service or for insufficiency thereof could have no binding effect, and would not be conclusive evidence, in the action brought against the officer, and hence would be a mere nullity as to him.

In the instant case the defendant complains that the return of the deputy sheriff, reciting service by him on the Georgia Railway and Power Company, "by serving J. G. Cheney, its agent in charge of its office and business in said county, by leaving a copy of the within writ and process with its agent, the said J. G. Cheney, at the office and place of doing business of said corporation in said Carroll county, Georgia," did not show due and legal service upon the defendant, for the reason that Cheney was not a person upon whom service could be made so as to bind the defendant. This is a distinct denial of an essential element in the return of service, which, if true, would absolutely negative the return and make it void and of no effect, and would therefore, in theory at least, make the sheriff liable, on his official bond, for any loss which the plaintiff could trace directly to the failure on the part of the sheriff or his deputy to serve the Georgia Railway and Power Company by handing a copy of the petition and process to a servant, agent, or officer in Carroll county, authorized to receive service in behalf of the company, if there was one in the county; and hence the sheriff and his deputy were directly interested in the issue raised by the traverse, and should have had an opportunity, through the proper order making them parties, to maintain the truth and correctness of the entry in question. Besides, the presumption being that the officer would diligently perform his duty, and his duty being to bind the defendant company by service upon its proper agent or officer, it must be assumed that he had a good and sufficient reason for serving the person actually served; and if he had been a party to the proceedings and had been heard on the trial thereof, he might have produced in this case (and any officer might possibly in similar cases produce) abundant testimony to sustain and justify his actions and to clear him from all suggestion of official misconduct for which he might be held liable. Without extending the argument, it is sufficient to say that the doctrine is settled that where an attack is made on a return of service, the officer *must* be made a party to the proceedings or the traverse may be dismissed. As was said in the case of *Southern Railway Co.* v. *Cook,* supra, if it does not appear from the record that he was so made a party, this alone would be sufficient reason for disallowing the traverse; and in *Sanford* v. *Bates,* supra, it is said that in the absence of a traverse making the officer a party, "the entry of service is conclusive."

From this we deduce the conclusion that where the officer making the return is not made a party to the traverse thereof, there is no such attack made upon the return as would justify, under the law, a judgment setting it aside; and the proceedings had on such a defective traverse could amount to nothing where the traverse is not sustained, since the effect would be merely to "disallow" the traverse and leave the original return, with all the solemnity properly attaching to it, untouched and conclusive as to the statements properly made in it.

3.  In this case it does not appear that the plaintiff entered any objection to the traverse as filed, on account of the fact that there was no prayer that the sheriff or his deputy should be made parties to the proceedings or that no notice had been given them; nor does it appear that any motion to dismiss the plea in abatement was made for this reason. Nevertheless, if in the absence of a proper traverse, to which the officer making the return is made a party, the plea is a mere nullity and the return itself remains conclusive as to its recitals, we do not see how the failure to object on account of the absence of necessary prayers and parties could vitalize that which falls short of what the law declares necessary in order to even raise an issue of this kind for trial; and it follows as a logical sequence that the entire attack made on the return of the sheriff, including the judgment of the court, and regardless of whether the court reached the right and proper conclusion upon legal and sufficient evidence or not, left matters exactly where they were when the attempted traverse was filed, to wit, with a legal and sufficient return from the officer, showing service upon the defendant, which is *conclusive* as to such service, in the absence of such an attack as constitutes the sole attack authorized by law.

The statute providing for attack by traverse on an entry of service by an officer, being in derogation of the common-law, as stated above, must be strictly construed, and since our Supreme Court has repeatedly declared that in order to make such a traverse good, the officer *must* be made a party, or otherwise the return (if valid and sufficient on its face) is conclusive, it follows that where such legal traverse is not made, the return stands as if no attack thereon was attempted, *conclusive on the parties,* since nothing could be done on an insufficient traverse to bring the verity of the officer's return in question or to destroy its vital force and effect:

In this case the judgment had the effect of disallowing the traverse, and therefore worked the same result so far as the defendant is concerned as would have been reached had the court stricken the plea in abatement for insufficiency, and therefore the judgment of the court below should be affirmed. It is unnecessary, as suggested above, to consider the many objections to the admission of testimony alleged to be illegal and which may have aided in bringing the court to a conclusion which (under our ruling) must have been inevitably reached without such evidence,—namely, that the defendant had been properly served—since the entry of the officer showed legal and proper service, and no foundation for an attack thereon had even been laid.

*Judgment affirmed. Roan, J., absent.*