5568.   RAWLINGS *v.* BROWN, Governor.

1. In the absence of a legal traverse, a sheriff's return of service is conclusive. An affidavit of illegality will not take the place of a traverse of the officer's return.

2. A traverse to the entry must be filed at the first term after notice and before pleading to the merits;. and it must allege that it is made at the proper time.

3. Where an entry of service purports to have been made by a deputy sheriff, the sheriff, as well as the deputy sheriff, should be made a party to the traverse.

4. Where an affidavit of illegality alleged that the defendant was never served with process or any notice whatever of the pendency of the suit whereon the execution was based, the court did not err in refusing to allow it to be amended by a traverse, offered after several terms of court had intervened, which denied the truth of the deputy sheriff's entry of service by alleging that service was not in fact made by the deputy sheriff or by any other officer authorized to make a return of service; nor did the court. err in thereafter dismissing the original affidavit of illegality.

                    DECIDED SEPTEMBER 11, 1914.

Affidavit of illegality; from city court of Louisville—Judge Phillips. January 19, 1914.

*Hardwick & Wright,* for plaintiff in error.  *J. R. Phillips, solicitor,* contra.

RUSSELL, C. J.. As appears from the record, the plaintiff in error became surety on the bond of Tom Tompkins, obligating himself to pay a specified sum in the event of Tompkins's failure to appear in the city court of Louisville to answer to a criminal charge pending there against him. At the April term, 1913, the criminal recognizance was forfeited, and a rule nisi was issued. Rawlings being a resident of Washington county, a second original and copy of the rule nisi were duly issued, and upon the second original issued for that county the following entry of service appears: "Georgia, Washington county. I have this day served defendant, C. G. Rawlings, personally, with a copy of the within process. This May 1, 1913. [Signed] B. A. English, Deputy Sheriff, W. C." On May 19, 1913, the rule nisi was made absolute, and judgment was entered against Tompkins and Rawlings for $150 and interest; and on June 19, 1913, the execution issued thereon was levied by B. A. English "deputy sheriff, Washington county," on certain real estate belonging to Rawlings. On July 21, 1913, Rawlings filed his affidavit of illegality, alleging that "Deponent has never had his day

in court, was never served with any rule nisi or any process in said case, and never had nor was served with any notice whatever of the pendency of the suit and proceeding whereon said execution is based, and never had any knowledge of the pendency of said suit and proceeding, nor did he waive service, nor did he appear and answer or defend said suit and proceeding." No traverse to the entry of service made by the deputy sheriff was filed at that time. Not until more than six months after Rawlings had pleaded to the merits of the case, and until after the July and October terms of the city court of Louisville had intervened, was there any effort to file a traverse. At the January term, 1914, counsel for the State moved to dismiss the affidavit of illegality, upon the ground that the sheriff's return had not been traversed, and thereupon Rawlings offered as an amendment to his affidavit of illegality, the allegation that "The purported return of service upon deponent, made by B. A. English as deputy sheriff, in the above-stated case, and as purports as having been made on the first day of May, 1913, is not true, and was not made by the said B. A. English as deputy sheriff, nor by any other officer authorized to make a return of service; and deponent traverses and denies the truth and fact and reality of said purported return. Deponent hereby makes the said B. A. English a party defendant to said cause." This amendment was sworn to. The court passed an order refusing to allow the amendment, and entered final judgment dismissing the affidavit of illegality, upon the ground, as assigned in the bill of exceptions, that the traverse came too late. Exception is taken to this judgment. The plaintiff in error contends that the amendment was pertinent and germane to the cause and issue then on trial; that it set forth a valid, legal, and meritorious defense, was timely made, and was not such a traverse of an officer's return as was required to be made before pleading to the merits. It is further insisted that the amendment was not a traverse of any officer's return, but was a denial that a return had ever been made by any officer authorized to execute legal process and make return thereof. It is contended also that the dismissal of the affidavit of illegality was erroneous because the affidavit set forth a legal defense, especially when taken in connection with the amendment offered.

1. It is fundamental that in the absence of a legal traverse, the return of a sheriff must be accepted as true and conclusive. *Bell*

v. *New Orleans &c. R. Co.,* 2 *Ga. App.* 812 (59 S. E. 102) ; *Read Phosphate Co.* v. *Weichselbaum Co.,* 1 *Ga. App.* 420 (58 S. E. 122) ; *Duckworth* v. *Boykin,* 114 *Ga.* 969 (41 S. E. 62) ; *Pittman* v. *Jones,* 53 *Ga.* 136.

2. Since the defendant has only "the next term after notice by him of the sheriff's entry" (*Dozier* v. *Lamb,* 59 *Ga.* 461) in which to file his traverse to the entry of an officer he must make the allegation in his traverse that it is done at the first term, and must also make proof thereof on the trial. *Lamb* v. *Dozier,* 55 *Ga.* 677; *Griffith* v. *Shipp,* 49 *Ga.* 231; *Evans* v. *Smith,* 101 *Ga.* 86 (28 S. E. 617).

3. While, as was said by Judge Powell, speaking for this court in *Bell* v. *New Orleans &c. Railroad Co.,* supra, we are not able to cite any Georgia decision in support of the proposition that the sheriff must be made a party when the return of the deputy is traversed, still we think the reasoning in that case is sound, and adhere to the ruling there made, that "If the return of service be made by a deputy sheriff, both he and the sheriff are necessary parties to the traverse." See also *Ga. Ry. &c. Co.* v. *Davis,* 14 *Ga. App.* 790 (82 S. E. 387).

4. Since the defendant in the present case did not comply with the law as laid down in this decision,—he having at the first term filed an affidavit of illegality, and thereby pleaded to the merits, and not having stated in his proposed amendment (when, after several terms of court had elapsed, he did file a traverse) that the traverse was filed at the first term, and the sheriff not being made a party,—it is clear that the amendment was properly refused and the court did not err thereafter in dismissing the affidavit of illegality. It was held in *O'Bryan* v. *Calhoun,* 68 *Ga.* 218, that the defendant may include in his affidavit of illegality a traverse to the truth of the sheriff's return to which the affidavit itself makes reference; and it is doubtless upon the authority of this ruling that the defendant in the present case sought to amend his original affidavit of illegality; but in *Dozier* v. *Lamb,* 59 *Ga.* 461, in which there was both an affidavit of illegality and a traverse of a deputy sheriff's return of service, it was held that on the trial of the traverse two questions would be involved,—first, whether the traverse was in time; that is, whether it was made at the first term after notice of the sheriff's return was had by the defendant; and,

second, whether the traverse, being in time, was true or false. It was further held that section 5566 of the Civil Code (which was then section 3340) is applicable to a traverse filed after judgment, as well as before judgment. Judge Bleckley there said: "The levy of execution has nothing to do either with the right or duty of traversing the return of service. After judgment, as before judgment, and with the levy or without it, the defendant has the right to challenge the truth of the return by a proper legal traverse; but in order to exercise the right it is his duty in all cases to make the traverse at the first term after he has notice of the entry. This is the period of limitation which the code prescribes. By letting a term pass after he knows of the entry of service the defendant's remedy by traverse is barred; the return will then stand in the suit in which it belongs, as conclusive evidence of the service; and though the return may be false in fact, the defendant's redress, and his only redress, will be an action against the officer for a false return." If the amendment in the present case had contained the statement that the traverse was made at the first term after he had notice of the entry, or at the "next term," as an equivalent of "first term," the question would have been one for the jury, and, under the ruling in *Dozier's* case, supra, could not have been decided by the court on motion to dismiss. But the proposed amendment, which was in effect a traverse of the entry of the officer's return, contains no such statement.

It is argued by learned counsel for the plaintiff in error that "the original affidavit of illegality was sufficient in and of itself to have raised the issue and have it tried, as to whether or not there was a return of service made by an officer authorized so to do;" that the amendment offered merely amplified by specific allegations the original affidavit, and that the lower court acted under a misapprehension of the true state of the pleadings in dismissing the affidavit of illegality. It is plain, from what appears in the brief and argument, that the contention of the plaintiff in error is based upon the assumption that there was no genuine return of service. In the brief it is said: "If it appeared anywhere that there was a genuine return of service, then a necessity for traverse of the officer's return would have arisen." As we have already ruled, the initiatory presumption is that the return of an officer is genuine and conclusive. "On the issue of service or no service, the return

is the appointed witness of the law." *Dozier* v. *Lamb,* supra. · In the attack upon the judgment in the present case the first reference to the return of service was made in the amendment, the original affidavit of illegality dealing only with the absence of service. In the *Dozier* case, supra, Judge Bleckley said that section 5311 of the code "has no relevancy to the *evidence* of service, and the affidavit is not required to state anything on that subject. There may or may not be a return; and if there is a return, the defendant may or may not know it. Whether he knows of it or not, he is not obliged to mention it, or to allege in the affidavit anything concerning it. In making his affidavit, he deals with the *fact* of service, and negatives its existence. That much is necessary. 'He puts the fact in question, and brings the question into court to be tried on such legal evidence as may be there adduced. Such return, if any, and if not shown to be invalid for want of jurisdiction, or for want of authority in the officer who made it, will, as evidence of service, be absolutely conclusive. On the issue of service or no service, the return is the appointed witness of the law. It is a witness that can not be contradicted or impeached. So long as it is competent to testify, the law accepts its testimony as true—as importing absolute verity. Only by destroying its competency can it be resisted. Traverse it,—indict it, so to speak, for perjury, and convict it,—then it will be infamous, and condemned to silence. A mere denial of service in the affidavit of illegality, is no more a traverse of the official return than a plea of 'not indebted' is a plea of 'non est factum.' Service is one thing, and the evidence of service another; just as debt is one thing and the evidence of debt another. Traverse of the return is a direct attack upon the official evidence of service, and such an attack is as necessary where there is an affidavit of illegality as where there is none; and unless the attack is made in due time and sustained, no affidavit of illegality founded on the want of service can possibly prevail." Any apparent conflict arising from the rule that a traverse may be included in the affidavit of illegality, and yet that the verity of the traverse must first be established, is harmonized by the language of Judge Bleckley in defining the difference between the *fact* of service, as dealt with in the affidavit of illegality, and the *evidence* of service, as disclosed by the return ·purporting to have been made by a duly authorized officer.

It is clear in the present case that the trial judge was right in nolding that the traverse came too late, and the defendant's remedy by traverse was therefore barred. Without the traverse, the return of the officer furnished unimpeachable evidence of the fact that the defendant had been served. Had it appeared from the proposed amendment that it was offered at the first term after the defendant had notice, there might have been something to submit to a jury, but in the state of the record, he can not complain that the court, without submitting the original affidavit of illegality to the jury, took the testimony afforded by the sheriff's return, which the law holds to be a witness that can not be contradicted or impeached except by traverse, and rendered judgment. Regardless of the language employed in the judge's order, the dismissal of the affidavit of illegality accomplished the only result which the law, in the absence of a traverse, would sanction.

*Judgment affirmed. Roan, J., absent.*