## 7647.    WILKES *v.* BRANCH.

1. A traverse to an officer's return of service must be filed at the first term after notice of the return, and before pleading to the merits. Where the return of service is made by a deputy sheriff, the sheriff also must be made a party to the traverse.

2. A defendant who has been served with process will not be permitted to go behind the judgment by affidavit of illegality on the ground that he has not had his "day in court."

3. The court did not err in refusing to allow the amendment by which it was attempted to make the sheriff a party to the original traverse, the amendment being offered after the first term after notice, and after pleading to the merits; and no error was committed in dismissing the affidavit of illegality.

4. The allegation in the affidavit of illegality, setting forth that deponent "is advised and believes" that the debt upon which the judgment was rendered has been settled in full by his principal, is insufficient. Allegations of payment and settlement should state the facts with particularity.

DECIDED NOVEMBER 16, 1916.

Affidavit of illegality; from city court of Dublin—Judge Hicks. June 14, 1916.

*G. B. Davis,* for plaintiff in error. *M. H. Blackshear,* contra.

HODGES, J. The affidavit of illegality was filed on September 28, 1915, and sets up, (1) that defendant in fi. fa. has never had his day in court, never having been served with process; that he did not waive service and did not appear and defend; (2) that the execution had been paid in full by his principal at the time judgment was rendered and before execution was issued, so deponent "is advised and believes." The traverse to the return of

service made by the deputy sheriff was filed December 11, 1915, and the deputy made a party. An amendment, by which it was attempted to make the sheriff a party, was offered on June 14, 1916. The amendment was rejected by the court, the traverse to the return of the deputy sheriff was dismissed, and the court ruled that the affidavit of illegality was insufficient; and the defendant excepted.

1-3. In the absence of a legal traverse to a sheriff's return of service, the return will be taken as prima facie true, and an affidavit of illegality can not take the place of such a traverse. It must be made at the first term after notice and before pleading to the merits in any way. When the return is made by a deputy sheriff, both the deputy and the sheriff are essential parties to the traverse; and the sheriff can not be added by amendment after the first term after notice, and after pleading to the merits. *Rawlings* v. *Brown*, 15 *Ga. App.* 162 (2-4), 164 (82 S. E. 803). The court did not err in rejecting the amendment.

4. The ground in the affidavit of illegality setting up payment and settlement in full is insufficient. The affidavit alleges that the deponent is "advised and believes," etc. Such an affidavit should set out the facts, when payment was made, to whom, and the manner in which the debt was paid. It is not necessary to cite authority upon the insufficiency of this ground. No error was committed.                    *Judgment affirmed.*