8219, 8220. SOUTHERN STATES PHOSPHATE & FERTILIZER COMPANY *v.* CLARK; and *vice versa.*

1. Where the entry of service of a rule nisi issued on a petition to foreclose a mortgage on realty purports to be signed by one assuming to act as a deputy sheriff, and an affidavit of illegality is interposed to the levy of the execution issuing upon the rule absolute based upon such service, which alleges that the person purporting to act as a deputy sheriff was not in fact such an officer, and traverses his return, the sheriff and the person making the return as a deputy sheriff must both be made parties to the traverse; and where both are not made parties, there is no such attack upon the return as would justify, under the law, a judgment setting it aside, and on motion such a ground of illegality should be dismissed.

(a) The sheriff and the sureties on his official bond are vitally interested in the question raised by a traverse to a return made by one purporting to act as his deputy, and, in the absence of a proper traverse, to which not only the deputy sheriff making the return but also the sheriff himself is made a party, the return can not be brought into question.

2. Where quarterly terms of the superior court in a particular county are provided for by law, and a rule nisi on a petition to foreclose a mortgage on realty is granted at one term, and the first day of the next regular succeeding term will occur within less than three months after the grant of the rule nisi, it should be made returnable to the first term thereafter for which lawful service can be had, or the next term but one.

· DECIDED FEBRUARY 16, 1917.

Affidavit of illegality; from Laurens superior court—Judge Kent. October 26, 1915.

*Ira S. Chappell,* for plaintiff. *J. S. Adams,* for defendant.

WADE, C. J. The act creating the Dublin judicial circuit (Acts of 1911, p. 81) provides that superior courts shall be held in the county of Laurens on the "4th Mondays in January, two weeks; 4th Mondays in April, two weeks; 4th Mondays in July, two

weeks; 4th Mondays in October, two weeks." As appears from
the agreed statement of facts in the bill of exceptions, the South-
ern States Phosphate & Fertilizer Company filed at the January
term, 1914, of Laurens superior court, its petition to foreclose a
mortgage against Mrs. Essie Clark on certain realty therein de-
scribed. The petition was filed on January 28, 1914, and on the
same day a rule nisi was signed and issued by the presiding judge,
which required the defendant to pay into court the principal, in-
terest, etc., by the first day of the July term, 1914, of said court,
or to show cause, etc., why the same should not be done. This pe-
tition and rule nisi were served personally on Mrs. Essie Clark on
January 29, 1914, the entry of service thereon being as follows:
"Georgia, Laurens county. I have this day served a copy of with-
in petition and nisi personally on Mrs. Essie Clark. This Jan-
uary 29, 1914, J. W. Couey, deputy sheriff." It is further recited
in the bill of exceptions that a rule absolute was granted on Au-
gust 8, 1914, during the regular July term of Laurens superior
court, and on September 11, 1914, a mortgage fi. fa. was issued
thereon by the clerk of said court, which was duly levied by the
sheriff of Laurens county on June 7, 1915. From the record it
appears that an affidavit of illegality was filed by the defendant
on June 17, 1915, upon the following grounds: (1) That she
"was never served with any process, nisi, or copy of nisi, or notice
of the pendency of the suit whereon said execution is based, nor
did she waive service, nor did she appear in or defend said suit;"
(2) "the said execution issued illegally and is proceeding illegally
for the reason the petition asking that the mortgage be foreclosed
was filed at the January term, 1914, of Laurens superior court,
and the rule nisi calling upon the defendants to pay said money
into court was returnable to the July term, 1914, of Laurens supe-
rior court, whereas under the law the petition asking for the fore-
closure, having been filed at the regular January term, 1914, of
the superior court, should have been returned to the next term
of Laurens superior court, and the next term of Laurens superior
court after said petition was filed and after said rule nisi issued
was the April term, 1914, of Laurens superior court, and said
nisi calling upon the defendant to pay into court on the first day
thereof at the April term, 1914, of Laurens superior court, whereas
it called upon the defendant to pay into court on the first day

thereof of the July term, 1914;" and (3) because "said execution issued illegally and is proceeding by levy upon deponent's property illegally, for the reason the superior court of Laurens county as is at present constituted has no jurisdiction or power to foreclose a mortgage in the statutory form and in the manner and method in which the plaintiff undertook to foreclose its mortgage, for the reason there are four terms of Laurens superior court, convening every three months, and it is impossible to comply with the law with reference to the foreclosure of mortgages, for the reason that the law prescribes that the rule nisi shall be personally served upon the defendant at least three months before the next term of the court after which the same is filed or served by publication once a month for four months, and consequently there can be no service by either of the methods pointed out by law, for the reason that three full months did not intervene between either of the said courts, unless the court should adjourn on the first day, which it did not do at the January or July term, 1914." The affidavit of illegality further stated that the entry of the sheriff showed that the defendant had been served on January 29, 1914, and this entry she traversed and declared to be untrue, but asserted (in the 5th ground) that if the entry was correct, the execution was proceeding illegally and issued illegally because "the April term of Laurens superior court, 1914, convened on the 27th day of April, 1914, less than three months from the time of the illegal service upon her of the rule nisi in said case, and the said April term is the [term of] court referred to in section 3276 of the Civil Code of 1910 as the one at which the money is directed to be paid by the defendant 'on or before the first day of the next term immediately succeeding the one at which such rule is granted;' and said rule having been granted at the January term, the next court immediately succeeding was the April term, and the service perfected upon her, if it was a service, was less than three months prior to the convening of the said April term." The defendant further alleged that she did not owe the debt secured by the mortgage upon which the rule absolute issued, and that her traverse to the entry of the officer on the original petition and rule nisi was made at the first term after her attention was directed thereto, and since she had acquired knowledge either that the said entry appeared or that a rule absolute had been secured.

On October 26, 1915, an amendment to the original affidavit of illegality was offered by the defendant and allowed by the court. This amendment set up that the defendant had never been legally served with the rule to foreclose the mortgage, for the reason that J. W. Couey, who purported to sign the entry of service as deputy sheriff of Laurens county, was not in fact an officer of the county of Laurens, authorized under the law to serve the same, and that the said process had never been served upon her by the sheriff of Laurens county, or by any legally authorized deputy of Laurens county, who had authority to serve the same; that the entry on the original rule to foreclose the mortgage showed "that it was served by J. W. Couey, deputy sheriff, and that at the time she filed her original affidavit she did not know that J. W. Couey was not a deputy sheriff authorized by law to serve processes, and for that reason she did not make the charge in her original affidavit, but that knowledge of the fact that he was not an authorized officer to serve the process came to her knowledge only to-day, and consequently she did not omit the facts set forth in this amendment for delay, nor does she now offer said amendment for delay," but that "she could not have ascertained at the time she filed her original affidavit of illegality that the said Couey was not an officer authorized by law to serve the said process, but took it for granted that his entry of service, in which it was stated that he served it as deputy sheriff, was correct, until she ascertained to the contrary as aforesaid." The agreed statement of facts in the bill of exceptions further recites: "that the said J. W. Couey was a regularly appointed and sworn bailiff, serving at the January term, 1914, of Laurens superior court, and at the time of said service said court was in session; that said bailiff, J. W. Couey, was specially directed by J. J. Flanders, the regular sheriff of Laurens county, to serve this particular process on Mrs. Essie Clark."

Counsel for the plaintiff moved to dismiss the affidavit of illegality, upon the ground that while the entry of the officer making the return of service had been traversed, neither the officer making the return nor the sheriff under whom he was acting had been made a party to the case. The court overruled this motion and refused to strike the affidavit of illegality upon this ground, and to this ruling the plaintiff excepted. The court then rendered

judgment sustaining the affidavit of illegality on the ground that the officer making the return of service was a common bailiff of the court, and not a sheriff or sheriff's deputy, and was without authority to serve the said process; and to this ruling the plaintiff excepted. The court further rendered judgment against the affidavit of illegality so far as related to the grounds therein stated that there could be no legal foreclosure of a mortgage on realty in a court having four terms a year, as in the superior court of Laurens county. The plaintiff thereupon brought the case to this court; and the defendant filed a cross-bill of exceptions, assigning error on the refusal of the court to sustain her affidavit of illegality for the reasons set out in the 2d, 3d, and 5th grounds thereof.

1. Where service of process is effected or a levy is made by one who assumes to act as an officer having authority to make such service or levy, the service or levy is good even though the appointment or qualification of the person purporting to act as such officer be irregular; since his acts would be those of a de facto officer. *Twiggs* v. *Hardwick,* 61 *Ga.* 272; *Hinton* v. *Lindsay,* 20 *Ga.* 746 (3, 4); *Gunn* v. *Tackett,* 67 *Ga.* 725; *Oliver* v. *Warren,* 124 *Ga.* 549, 550 (53 S, E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188). It is quite different, of course, where the person purporting to act as an officer does *not* assume to act as the particular officer having authority in the particular case. *Hartshorn* v. *Bank of Gough,* 15 *Ga. App.* 167, 171 (82 S. E. 805). The return of one purporting to act as an officer having authority to execute the particular process or do the particular thing stated in the return is prima facie presumed to have been made by authority, and when the record shows a valid return of service and it becomes necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the return must be duly traversed; and where made by a deputy sheriff, "both the sheriff and the deputy sheriff must be made parties to the traverse." *Bell* v. *N. O. &c. R. Co.,* 2 *Ga. App.* 812, 816 (59 S. E. 102). "The rule that the officer making the return is a necessary party to the traverse has been announced in many cases by our Supreme Court, and also in several cases by this court. In *O'Bryan* v. *Calhoun,* 68 *Ga.* 215, it is said that where there is a return by the officer, 'if the defendant intends to attack the verity of such return, he must take steps by filing a traverse

thereto and by order to make the sheriff a party;' and the court assigns as a reason therefor that the sheriff and his securities on his official bond have a valid interest in the question raised by the traverse to his return, and should have an opportunity to be heard on the issue so made by the defendant. In *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 399 (61 S. E. 857), it is said that where the return of the officer shows legal service, it can only be attacked by a traverse filed thereto, 'to which the officer making the entry is a necessary party.' In *O'Connell* v. *Friedman,* 118 *Ga.* 83 (45 S. E. 668), there was in the traverse no prayer that the officer making the entry should be made a party, and the record did not disclose that he was given any notice of the filing of the traverse; and the Supreme Court held that 'there was therefore no error in striking the traverse.' In *Southern Railway Co.* v. *Cook,* 106 *Ga.* 452 (32 S. E. 585), it was said: 'Another ground of the motion complained of the court's disallowing a traverse of the entry of service, which had been filed by the defendant. It does not appear from the record that the sheriff who made the entry was made a party to this traverse or that any notice of its filing was given him. This alone was a sufficient reason for disallowing the traverse.' In *Elder* v. *Cozart,* 59 *Ga.* 202, it was said: 'It has been repeatedly ruled that the return of the sheriff is conclusive, unless traversed, and that the sheriff should be a party to the traverse, and that it must be made at the next term after notice of the entry.' In *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35), it was held that the truth of the return of service entered upon a declaration by a sheriff 'can not be called in question without traversing the return, *and making the officer a party to the traverse. . . .* In the absence of such traverse the entry of the service is conclusive.'" *Georgia Ry. & Power Co.* v. *Davis,* 14 *Ga. App.* 790, 793, 794 (82 S. E. 387). Quoting further from the decision in the same case this court said, that "where the officer making the return is not made a party to the traverse thereof, there is no such attack made upon the return as would justify, under the law, a judgment setting it aside;" and further that "The statute providing for attack by traverse on an entry of service by an officer, being in derogation of the common law, as stated above, must be strictly construed, and since our Supreme Court has repeatedly declared that in order to make such

a traverse good, the officer must be made a party, or otherwise the return (if valid and sufficient on its face) is conclusive, it follows that where such legal traverse is not made, the return stands as if no attack thereon was attempted, *conclusive on the parties,* since nothing could be done on an insufficient traverse to bring the verity of the officer's return in question or to destroy its vital force and effect." In *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (82 S. E. 803), this court again held: "Where an entry of service purports to have been made by a deputy sheriff, the sheriff, as well as the deputy sheriff, should be made a party to the traverse;" and in *Producers Naval Stores Co.* v. *Brewton;* 19 *Ga. App.* 19 (90 S. E. 735), it was held that "When the sheriff is not made a party, as well as the deputy who made the return, 'there is no such attack made upon the return as would justify, under the law, a judgment setting it aside.'" See also *Wilkes* v. *Branch,* 18 *Ga. App.* 780 (90 S. E. 722); *Lamb* v. *Dozier,* 55 *Ga.* 677; *Sindall* v. *Thacker,* 56 *Ga.* 52; *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35). As was held in *O'Connell* v. *Friedman,* 118 *Ga.* 831 (45 S. E. 668), where there is in the traverse to the return of an officer, which appears valid on its face, no prayer that the officer making the entry be made a party, and the record fails to disclose that he was given any notice of the filing of the traverse, there is no error in striking the traverse.

In this case it does not appear from the record that either the sheriff or his deputy was in any way notified of the pendency of the traverse to the return of service. It is true that in the agreed statement of facts incorporated in the bill of exceptions it is recited that J. W. Couey, who signed the return as a deputy sheriff, was not in fact such a deputy, but was a bailiff appointed during the term of the court, and specially directed by the sheriff to serve this particular paper on the defendant Mrs. Essie Clark; but no statement of facts agreed to by the plaintiff and the defendant in the lower court could possibly affect the rights or liabilities of the sheriff or his deputy, and consequently the recitals in the bill of exceptions could not supply the omission to make the sheriff and his deputy parties to the traverse. Section 5566 of the Civil Code provides that "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to

the merits; *but this shall not deprive the defendant of his right of action against the sheriff for a false return."* In *O'Bryan* v. *Calhoun,* supra, the Supreme Court, in holding that where there is no return by an officer, "if the defendant intends to attack the verity of such return, he must take steps by filing a traverse thereto and by order to make the sheriff a party," assigns as a reason for this ruling that the sheriff and the sureties on his official bond have a vital interest in the question raised by the traverse to his return, and should have an opportunity to be heard on the issues so made by the defendant. It is true that the plaintiff and the defendant agreed that the return of service purporting to have been made by J. W. Couey, as a deputy sheriff of Laurens county, was not in fact made by a deputy sheriff, and that Couey had no authority to act as a deputy sheriff, but to this agreement neither the sheriff nor Couey, who purported to act as his deputy, is a party. It is clear, therefore, that upon motion the court should have stricken from the affidavit of illegality interposed the grounds setting up a lack of service, and the traverse to the return of the officer, which was valid on its face, no steps being taken or attempted to make the sheriff, or the officer making the return as his deputy, a party to the proceeding; for since the duty devolved upon the sheriff to serve the process himself, or have it properly served by some other officer having authority to effect legal service thereon, opportunity should have been afforded him, as a party interested, to defend his official acts, and to be heard on the question whether the person shown by the record to have been specially selected by him to serve this particular process and who had actually served it was competent to perform this duty; for if the sheriff selected an incompetent person to perform this service, he thereby incurred liability in the event loss was occasioned to the plaintiff; and if, on the other hand, the person selected by him to discharge for him this particular duty was legally competent to act, no such liability arose.

It is therefore unnecessary, in order to determine the question raised by the main bill of exceptions, that we decide whether or not a bailiff appointed to serve the court during its session and sworn to take all juries committed to his charge during the term to the jury-room or some other private and convenient place, etc., and to "discharge all other duties which may devolve upon" him as a bailiff, to the best of his skill and knowledge (Civil Code,

§ 4900), is or is not an officer who, during the term of the court at which he was appointed to act, might, by direction of the sheriff, serve processes of the court, or serve the particular process upon which judgment was rendered in this case. Nor is it necessary to determine whether or not a sheriff might, by requesting such a bailiff to serve a particular process, thus appoint a deputy sheriff by parol (*Matthis* v. *Pollard,* 3 *Ga.* 1), notwithstanding he could not legally appoint a bailiff to perform the general business of his office. *McGuffie* v. *State,* 17 *Ga.* 497, 498. The court therefore erred, as stated above, in declining to strike the particular ground of the affidavit of illegality based upon the failure of the defendant to make the sheriff and his deputy parties to the proceedings, and in thereafter sustaining the affidavit of illegality upon the ground that the service was made by one without authority, since the sole issue upon which the court sustained the affidavit of illegality had not been brought before the court for consideration in the only manner provided by law.

2. Section 3276 of the Civil Code of 1910, which provides how mortgages may be foreclosed on realty, says that the person applying and entitled to foreclose such a mortgage "shall, by himself or his attorney, petition to the superior court of the county wherein the mortgaged property may be, which petition shall contain a statement of the case, the amount of the petitioner's demand, and a description of the property mortgaged; whereupon the court shall grant a rule directing the principal, interest, and costs to be paid into court on or before the first day of the next term immediately succeeding the one at which such rule is granted; which rule shall be published once a month for four months, or served on the mortgagor, or his special agent or attorney, at least three months previous to the time at which the money is directed to be paid into court, as aforesaid." It is obvious, where quarterly terms of the superior court are held, that when a rule is applied for and obtained during one term of the court, "directing the principal, interest, and costs to be paid into court on or before the first day of the next term immediately succeeding the one at which such rule is granted," the rule could not be published in time for the next succeeding term, and generally it would be impossible to serve the mortgagor or his attorney "at least three months previous to the time [on or before the first day of the next term] at

which the money is directed to be paid into court." The service required must be either personal or by publication. Leaving a copy at the defendant's residence will not suffice (*Dykes* v. *Mc-Clung,* 74 *Ga.* 382; *Meeks* v. *Johnson,* 75 *Ga.* 629, 630); nor will service by an unofficial person be legal. *Falvey* v. *Jones,* 80 *Ga.* 130 (4 S. E. 264).

Quarterly terms being provided for in the act creating the Dublin judicial circuit (Acts of 1911, p. 81), it is apparent that if section 3276 be construed in connection therewith, in accordance with the contention of counsel for the defendant, who is the plaintiff in error in the cross-bill of exceptions, the effect would be to repeal section 3276 of the Civil Code, so far as the statutory foreclosure of mortgages on realty in the county of Laurens was originally authorized thereunder, since it would be absolutely impossible ever to put into effect the provision of section 3276 authorizing service by publication for four months, and it would be practically impossible (except in very rare instances) to effect service of process issued under the provisions of that section three months before the first day of the next term immediately succeeding the term at which the rule nisi was granted. In the act of 1911 which created the Dublin judicial circuit there is nothing that even tends to suggest an intention on the part of the legislature to repeal any of the provisions of section 3276; and without considering whether such a general law as is embodied in that section could properly be repealed by an act having a local application only, it may be said that "Repeals by implication  .  .  are not favored; and it is only in so far as a statute is clearly repugnant to a former statute, and so irreconcilably inconsistent with it that the two can not stand together, or is manifestly intended to cover the subject-matter of the former and operate as a substitute for it, that such a repeal will be held to result. The intention to repeal must be plain and unmistakable." *Johnson* v. *Southern Mutual B. & L. Asso.,* 97 *Ga.* 622, 623, 624 (25 S. E. 358). According to a familiar rule, where two constructions are possible, the courts will generally so construe an act of the legislature as to give it a reasonable intendment. There was obviously no purpose on the part of the legislature to deny to the superior court of Laurens county the power to foreclose mortgages on realty by the statutory proceedings authorized or allowable in counties where the terms of the

25

superior court were originally or are now held six months apart, instead of only three months apart. It appears from the agreed statement of facts in this case, and from the contentions of the defendant in her affidavit of illegality in the lower court, that the rule issued at the January term of Laurens superior court, 1914, and she was served on the 29th day of the same month. The rule in fact required the defendant to answer at the July term, 1914, but had the rule required her to answer at the next term of the court immediately succeeding the term at which the rule was granted, she would have been required thereby to answer at the April term, 1914, of the court which convened on the fourth Monday in April, or, as set forth in the affidavit of illegality, on the 27th day of April, 1914, less than three months from the date when the rule was issued (January 28) or served (January 29). The law does not generally require the doing of an impossible thing, and no statute should be construed as making such a requirement, unless its terms do not admit of any other interpretation.

In *Vaughn* v. *Farmers & Merchants Bank*, 145 *Ga.* 338 (89 S. E. 195), it was held that "Where a rule nisi upon a petition to foreclose a mortgage upon realty was issued at the January term, 1915, of the superior court, and more than three months before the next term of the court, which convened on April 12, 1915, and at the latter term the mortgagor was required to pay the money into court, and personal service of the rule nisi was effected prior to the term at which the payment was required to be made, but too late to be due service to that term, it would go over and become returnable to the next succeeding term." See also *Ray* v. *Atlanta Banking Co.*, 110 *Ga.* 305 (35 S. E. 117). Since in that case the rule nisi was issued more than three months before the first day of the next term of the court, it is plain that if personal service had been promptly effected more than three months before the term at which the mortgagor was required to pay the money into court, the rule would have been returnable to the said next succeeding term, and a rule absolute could properly have been granted. The court held, however, that as it appeared that service was not effected more than three months before the next succeeding term after issuance of the rule nisi, though personal service was in fact had before that term, the case went over and became returnable to the

next succeeding term. The ruling in that case, as well as the ruling in the *Ray* case, supra, upon which it was based, is put upon section 5570 of the Civil Code of 1910. Applying this ruling, it would appear in the case under consideration that if the plaintiff had sought and obtained the rule nisi on a day during the January term, 1914, of Laurens superior court, which was in fact more than three months prior to the first day of the April term immediately succeeding that January term, the rule could (and perhaps should) have been made returnable to the April term; and if service was not thereafter effected at least three months before the first day of the said April term, then the case, under the holding in the *Vaughn* case, supra, would have gone over to the July term, 1914. However, as less than three months intervened between the granting of the rule nisi (January 28) and the day which was by law the first day of the next succeeding term of Laurens superior court (April 27), it would have been futile to take a rule nisi directing the defendant to appear at the April term, 1914, when neither by publication nor by personal service could she be lawfully notified of the pendency of the proceeding a sufficient length of time before the arrival of the term at which she would have been thereby directed to make payment or show cause why she should not do so.

We hold, therefore, that where the next term immediately succeeding the term of the superior court at which a rule nisi to foreclose a mortgage on realty is applied for will not regularly begin on a day more than three months from the date when the rule nisi is obtained, it is proper, in counties where quarterly sessions of the superior courts are provided for by law, that the rule should be made returnable to the second term thereafter, which in contemplation of the statute must be held to be "the next term immediately succeeding the one at which such rule is granted," as being the "next" term at which it is legally possible to require the defendant to appear and answer. Certainly it is the first term at which the defendant could be required to answer in response to notice served upon him by publication four months, or personally at least three months, in advance of the term. Where, on the other hand, the first day of the next term immediately succeeding the term at which the rule nisi is granted is more than three months later than the day on which such rule is granted, the rule should

be made returnable to such next succeeding term, and, as said above, if not served in time for that term, the cause can be carried over to the next term thereafter. This is the only reasonable construction that can be given to section 3276, when considered in connection with the act of 1911, providing for quarterly terms of Laurens superior court. We hold, therefore, that the trial judge did not err in overruling grounds 2, 3, and 5 of the affidavit of illegality.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill.   George and Luke, JJ., concur.*