13569.  Cox *et al. v.* Continental Guaranty Corporation.

Luke, J.  Where a motion to set aside a judgment is made upon the ground that a former deputy sheriff's return showing perfect service is absolutely untrue, the only legal way to question and correct the return is by traversing it at the first term after notice of the entry, and making the sheriff, as well as the former deputy, a party thereto.  These legal requirements cannot be avoided by a written motion to amend the entry of service, stating that the return was false, and that the former deputy sheriff is in court insisting that his entry be amended.  It not appearing from the face of the record that there was any attempt to make the sheriff a party to the traverse, or that he had any notice of its being filed, it follows that the presiding judge did not err in disallowing the proffered amendments negativing service, and in dismissing the motion to set aside the judgment.  *Bell* v. *New Orleans & Northeastern R. Co.,* 2 *Ga. App.* 812 (1-b) (59 S. E. 102); *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (3) (82 S. E. 803); *Southern States Phosphate &c. Co.* v. *Clark,* 19 *Ga. App.* 376 (91 S. E. 573).

Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.
DECIDED DECEMBER 12, 1922.

Motion to set aside judgment; from city court of Nashville — Judge W. R. Smith.  December 8, 1921.

*Homer Oxford,* for plaintiffs in error.  *Rogers & Rogers,* contra.