33097. EIDSON v. THE CITIZENS BANK & TRUST Co. *et al.*

FELTON, J. 1. In a proceeding to revive a dormant judgment, where the defendant filed a traverse to the return of service of a deputy sheriff on the original suit in which judgment was rendered against the defendant alleging that it was filed at the first term after notice of such return and containing a prayer that the deputy making the return and the present sheriff be made parties, it was error for the court to deny the defendant the right to amend the traverse at a subsequent term by making a party to the proceeding the personal representative of the person who was sheriff at the time of the entry of service by the deputy sheriff and who had since died. *Southern States Phosphate & Fer-*

*tilizer Co.* v. *Clark,* 149 *Ga.* 647 (101 S. E. 536), and cases cited; *Webb* v. *Armour Fertlizer Works,* 21 *Ga. App.* 409 (94 S. E. 610); *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609). If there is anything to the contrary in *Wilkes* v. *Branch,* 18 *Ga. App.* 780 (90 S. E. 722), that case must yield to the decisions of the Supreme Court above cited.

2. Where the court ruled that the traverse was not so amendable his ruling is subject to review notwithstanding the fact that no formal amendment was thereafter tendered, where proper exception is made, as here.

3. In view of the error in denying the defendant the right to amend as aforesaid, the further rulings and judgments were nugatory.

The court erred in denying the defendant the right to amend and in entering the subsequent judgments.

*Judgments reversed. Sutton, C. J., and Worrill, J., concur.*

DECIDED JULY 7, 1950.

*M. E. O'Neal, Erle M. Donalson,* for plaintiff in error.
*J. C. Hale, W. H. Miller,* contra.