Davant *et al. vs.* Carlton.

---

JAMES M. DAVANT, executor, *et al.*, plaintiff in error, *vs.* RICHARD G. CARLTON, defendant in error.

1. Where, on a motion to set aside a judgment on the ground that the defendant had never been served with process, and had not appeared or acknowledged service, it appeared in evidence on the trial of an issue formed in the matter, that there was a due return by the sheriff of personal service:

*Held,* that it was error in the court to refuse to charge the jury, that under the law it required the strongest evidence to overcome the effect of the sheriff's entry, and to charge in lieu thereof that the sheriff's entry was *prima facie* evidence, but like other presumptions it might be rebutted by proof.

2. Where there was a confession of judgment by an attorney of the court, whose name was marked on the bench docket, and seven years had elapsed, and the attorney was dead, it should require the strongest testimony to show want of authority of the attorney, and even then it ought to appear by the oath of the defendant that he had a good defense, and what that defense was.

Judgments. Service. Presumptions. Attorneys. Before Judge BARTLETT. Greene Superior Court. March Term, 1874.

This case is sufficiently reported in the above head-notes.

REESE & REESE, for plaintiffs in error.

P. B. ROBINSON; M. W. LEWIS & SON; C. L. BARTLETT, for defendent.

McCAY, Judge.

1. By the common law, the entry of the sheriff, in a case like this, was conclusive: *Higgs vs. Huson, 8th Georgia,* 321.

Davant *et al. vs.* Carlton.

The party injured, if the return was false, had his remedy against the sheriff. Our Code, section 3340, provides that the entry of service is traversable. The evils of such a practice, at least, after judgment, are so manifest, especially since the defendant may now be a witness, that we think the public interest requires the strongest proof that the entry is false, before it should be set aside. That same public policy that made such an entry conclusive, should, now that it is made traversable, give it high rank as evidence when it is sought to be contradicted. The statute itself, Code, section 3340, declares that unless done at the next term after the party has notice of it, he cannot do it afterwards. The *negative* statement of a party that he never was served, bears no comparison in strength with the entry itself. It is, in the first place, the sworn entry at the time, of an officer of the court, with no interest to enter contrary to the fact, and with no motive or even occasion to do so. If the entry be untrue, he is liable for damages as well as punishment. That the sheriff cannot now call up the act of service, is very natural, and is of but very slight importance, and that the defendant can say positively that this service was not made seven years ago, is more than most men would be willing to say in the face of this entry. State it as strongly as he may, it is, at last, only negative testimony ; a statement that he does not remember to have been served ; true, he says, in terms, he was not, but all he can mean is that he has no memory of it. The reasons he gives are only arguments why his failure to remember the fact should have strength. If an entry of service by the sheriff is to be set aside by the oath of the defendant seven years after it is made, then a judgment is but a poor record. As we have said we think, in the nature of things, such an entry is very strong evidence, and whilst it is impossible to fix accurately its weight as compared with other evidence, we think it is entitled to at least the dignity asked for it in the charge requested. It should only be set aside on very satisfactory proof of its incorrectness. It should require the *strongest* testimony to rebut it.

2. As to the second point in this case, to-wit: the confession, it is to be looked at in two aspects. If assuming there was no service, the entry of answer, and the confession, are to be taken as a waiver; then, perhaps, under the proof in this case, this confession may not have been made under such circumstances as would give it that effect. But assuming the entry of the sheriff to be true, and the court to have had jurisdiction by notice to the defendant, we think the provisions of the Code, section 411, should be construed very strictly against the party complaining of the want of authority. The statute says that the court must be *fully satisfied* that such allegation of want of authority is true, and when so satisfied, it *may relieve* the party from the consequences of his acts. Assuming, as we have said, that the sheriff's return is true, the confession is a small matter—there was a judgment by default—no plea—and the verdict would have been a mere matter of form. It is our opinion, that in such a case, the court ought to require proof of merits. If a defendant asks relief from the unauthorized act of an officer of court, he should show what were the consequences of the act. He should show that he is hurt and how. Had he a defense? What was it? If the thing sought to be relieved against is a mere form, the court will not alter its records. Should, therefore, this be found not to be a false return, then to take advantage of the assumed want of authority of the attorney, it should appear that the defendant has been injured, and how, and the injury must be real; had he a good defense, and what?

Judgment reversed.