STOREY *vs.* WEAVER.

1. A motion to set aside and vacate a judgment and reinstate a case cannot be determined by any fixed rule, but depends upon the circumstances of the case.

2. In the present case the judge presiding did right to overrule the motion.

(a) Where it was proposed to set aside a judgment by default and reinstate the case that defendant might plead to the merits, and it appeared that substantially the same matters proposed to be pleaded had been determined against the defendant in a former litigation, the motion was properly overruled.

(b) Where a contract was made to loan money, take a deed to land as security, and give bond to reconvey on payment of the debt, and the money was loaned and the deed taken, but by inadvertence it was not signed by the debtor, a bill for specific performance would lie.

Practice in the Superior Court.    Judgments.    Motion. *Res Adjudicata.*    Equity.    Contracts.    Before Judge LAW-SON.    Greene Superior Court.    September Term, 1880.

Reported in the decision.

J. A. BILLUPS; JNO. C. REED, for plaintiff in error.

H. T. & H. G. LEWIS, for defendant.

SPEER, Justice.

Weaver brought ejectment against Storey at September term, 1878, of Greene superior court; he had a verdict and judgment by default.  At the same term Storey moved to set aside the verdict and reinstate the case on the following grounds:

(1). Because his sole counsel, J. A. Billups, Esq., had been retained by Storey to represent him; said Storey having the defense that a state court cannot take property from an assignee in bankruptcy.

(2).   That the deed from Davis to Weaver was only in-

tended as security for a debt, and said deed was never
·executed or recorded, for more than a year after the money
it was intended to secure was advanced and credit had
been given to Davis with no notice of such deed.

(3). Because Joel A. Billups, Esq., attorney, was absent
from the term of the court when verdict was taken, hon-
estly believing that his name had been marked for said
Storey on the docket of said court by the presiding judge,
and that Messrs. Lewis, attorneys, had consented in wri-
ting before the commencement of said term, that said case
should be continued or lie over until an adjourned term,
in case one should be ordered.

To this motion was appended the affidavit of Mr. Bil-
lups sustaining the facts stated in the motion.

The motion was amended in this, that the movant had
the following defences ·further: 1st. The general issue.
2d. That ·the deed of Davis to the premises in dispute
was executed after Davis was adjudicated a bankrupt and
Storey had taken possession of the premises, and Davis
had no authority to convey.

In answer to this motion to vacate and re-enter the
·cause on the docket, the plaintiff below denied generally
the allegations of the motion.

2. That at the March term, 1877, Weaver, as trustee,
filed his bill against Davis and Storey. At September
term, 1877, at the trial of said bill, Storey moved to dis-
miss the same on the ground that said court had no juris-
·diction of the cause, which was overruled by the court,
and Storey never excepted to said judgment. That after
said motion said bill was tried, a verdict and decree had
thereon, which by operation of law, vested the title to the
premises recovered in ejectment in the plaintiff, Weaver.
A copy of said bill, answer and decree was appended as
an exhibit to said answer. The bill exhibited to the an-
swer charged in substance, that in 1873 Weaver entered
into a contract to loan Davis one thousand dollars, and as
a security for said loan Davis was to execute to said

Weaver as trustee, a deed to two hundred acres of land, and a bond to reconvey was to be given by Weaver, the trustee.   That in pursuance of said contract, Weaver let him have the money and received of Davis his deed, supposing it to be duly executed.   That some months after he found out Davis had not signed the deed through inadvertence and mistake.   To this bill both Davis and Storey were parties.   The answer of Davis admitted the terms of the loan and the facts as stated in the bill.   The bill was filed for a specific performance and the jury found the facts to be true, and a verdict for a specific performance and decree was entered accordingly.

There was also offered and read in evidence the record of the ejectment suit and verdict sought to be set aside; the declaration being for the recovery of the land described in the bill heretofore referred to.   Storey was the defendant in ejectment suit.   There was no plea filed by defendant; the case was marked in default on the docket, and no counsel was marked on docket for defendant.

J. A. Billups, Esq., stated he had been retained by Joseph M. Storey, assignee of Davis, before March term, 1878, to defend the ejectment suit of W. M. Weaver *vs.* Storey.   During that term Branch had informed witness the suit had been brought.   Witness was not in court when the judge called the appearance docket, and as soon as he received said information from Mr. Branch witness went to the judge who was engaged on the bench and stated to him that he represented Storey, and requested him to mark witness' name on docket as attorney for Story in said ejectment suit, and witness understood the judge to say that he would do as requested by witness; witness at same time made a similar request as to another case, and judge complied as witness found afterwards as to the other case; witness thought his name had been marked, not desiring to attend the September term of said court, applied by letter to Messrs. Lewis & Sons, who represented the trustee in said suit, to consent to a continuance or to

pass to an adjourned term, all cases in which witness and said firm were opposing counsel. Witness understood the ejectment suit embraced in the proposal. Messrs. Lewis & Sons replied by letter giving their assent to the proposal; relying on this, witness did not procure counsel to represent him; witness would have attended the court or procured counsel to do so had he not believed said case was continued to adjourned term.

W. H. Branch stated he called, at the appearance term, Mr. Billups' notice to the fact that the ejectment suit had been brought.

The defendant read in evidence the bill and answer filed by Weaver vs. Davis & Story, there being no answer of Story.

M. L. Lewis stated he was one of the law firm of M. W. Lewis & Sons. Witness received the letter mentioned by J. A. Billups, Esq., and its contents were such as were stated by him. The firm replied before the trial term of said ejectment, that all the cases controlled by said firm and in which J. A. Billups was opposing counsel, should be disposed of as requested by Mr. Billups in his letter. The firm controlled the plaintiff's suit in ejectment, and would have agreed to a continuance if they had understood that Mr. Billups represented defendant. As the suit was in default on docket, and the firm did not believe Mr. Billups represented the defendant, they did not know the case was embraced within the agreement. When the case was called at the trial, the firm introduced evidence for plaintiff and recovered the land. Witness had a conversation with Mr. Billups at the Markham House in Atlanta, not long after the appearance term of the ejectment, in which Mr. Billups expressed surprise as witness understood him that the suit had been brought, as he expected Story to employ him. Just before trial term of the ejectment the firm served Story with notice of a survey. The firm heard nothing more from Mr. Billups.

Mr. Billups remembered the conversation at the Mark-

v 66—19

ham House, did not say in that conversation he expected to be employed by Story, for he had already been.    He did express surprise that Story had not sent him copy of the writ served on him.

On this statement of facts the court rendered a judgment overruling the motion, and plaintiff in error excepted.

A motion to set aside and vacate a judgment cannot be determined by any fixed or inflexible rule—it must depend upon the ever varying facts and law upon which such a motion rests, in each case, and that sound, legal discretion of the judge who hears and forms his judgment upon these facts, and the law applicable thereto.    In a case like the one at bar, where the motion is relied upon because there was an honest mistake and misconception on the part of counsel as to his name not appearing on the bench docket, it may be well asked, who was at fault that the case was marked in default?    The defendant was served, the law made it *his* duty to file his plea at *the first term*; instead of that, no plea is filed, no appearance had, and the counsel trusted to the judge on a private application made during the court hours for his name to be marked.    While there is no doubt that Mr. Billups was counsel for Story, yet the evidence does not show the client used any diligence or gave any attention to his cause, though notified just before the trial of a survey to be had touching the land in controversy.    While therefore we might hesitate to overrule the discretion of the judge below in refusing this motion upon this ground, yet when we look into the proposed defense which plaintiff in error alleges he had to this ejectment suit, we are still less inclined to determine there was error in the ruling of the court below.    It is a well settled rule as to these motions to set aside a verdict and judgment, where they are seemingly regular and legal upon the face of the record, that unless the movant will show he has a good defense to his action, the motion will be refused.    If the thing sought to be relieved

Story *vs.* Weaver.

against is a mere form, the court will not alter its records solely for this cause. 53 *Ga.*, 491 ; 61 *Ib.*, 158.

The defense proposed to be set up here by the defendant, Story, was one that the former litigation had concluded. To the original bill filed he was a party, was served, appeared, and defended on the ground of want of jurisdiction of the court. His defense was overruled and a verdict and decree was had, vesting the title to this land in controversy in the plaintiff in ejectment, as against both Story, the assignee, and Davis, the bankrupt. The present suit was brought to recover, under that decree, the premises. How and in what manner Story could have defended against that decree we are at a loss to see. Hence, in the defense proposed to be offered to this eject-ment suit, if the verdict is set aside, we can see neither merit in the law or the facts of the defense proposed to be made.

The original bill filed for specific performance by the plaintiff below, against Davis & Story, makes out a case of full payment accepted by the vendor for land, and for which he had agreed to execute a deed. To this bill Story demurred, because, as assignee of Davis, the court had no jurisdiction, and moved to dismiss it. This was overruled by the court and the cause proceeded to a de-cree. That the bill was maintainable we think well set-tled. Code, §§3187, 1950, 1951; 45 *Ga.*, 182 ; 28 *Ib.*, 165 ; 30 *Ib.*, 96, 156; 6 *Ib.*, 591 ; 44 *Ib.*, 133.

The question is under this statement of facts, was there an abuse of discretion on the part of the court below in refusing this motion ? We think not.

Let the judgment of the court below be affirmed.