HARTSFIELD *v.* MORRIS & MURPHY.

Where all the defendants sued in a justice's court were residents of another county, and therefore non-residents of the district in which the suit was located, the court was without jurisdiction, and personal service upon them effected by the constable of the district, and their failure to appear, would not give it jurisdiction.

The judgment rendered against them was void, and can be treated by them as a nullity. *Graham* v. *Hall*, 68 *Ga.* 354. But as the subject-matter was such as the court could deal with if the defendants had been residents of the district, and as the defendants were personally served, affidavit of illegality is not available in resistance to a levy of the execution upon their property. Code, §3671 ; *Mangham* v. *Reed*, 11 *Ga.* 137 ; *Harbig* v. *Freund*, 69 *Ga.* 183. In *Jackson* v. *Hitchcock*, 48 *Ga.* 491, there was no jurisdiction over the subject-matter. *Judgment reversed.*

May 2, 1892. By two Justices.

Illegality. Judgment. Jurisdiction. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Hartsfield sued Morris & Murphy in the justice court of the 1026th district G. M., Fulton county. Defendants were each served personally. They made no appearance or defence, either at appearance or trial term, and judgment was rendered against them. Execution from the judgment was levied upon their property, and they filed an affidavit of illegality upon the grounds : (1) The judgment is void because, when the suit was instituted and the judgment rendered, affiants were not residents of the 1026th district G. M., Fulton county, but were residents of the 1379th district G. M., DeKalb county, which court alone had jurisdiction of their persons in the adjudication of the suit. They are now, and have been for some time prior to the commencement of the suit, residents continuously of the district and county last mentioned, and did not appear or plead to the suit. The original summons issued in the case does not show that they were residents of the 1026th district. (2) The judgment bears date and purports to have been rendered upon April 22, 1890, when in fact it was not rendered and written up in the case until April 30, 1890, and there was no entry made upon the docket by the justice of the peace rendering the judgment, showing the disposition of the case, until the day last mentioned. (3) The *fi. fa.* does not conform to the judgment.

When the illegality came on for hearing plaintiff moved to dismiss it, on the ground that it sought to go behind the judgment, and that the matter set up therein and intended to invalidate the execution, if true, should have been set up by plea in bar of the judgment, and that it appearing that defendants were each personally served with the original summons and copy account, and had failed to appear and plead or answer, they could not after judgment be heard to interpose a defence that might have been set up in bar of the judgment. This motion was overruled. Affiants then offered to prove, by their oral testimony, that they were not residents of Atlanta nor of the 1026th district G. M. at the time the summons and copy account were served on them, but were residents of the 1379th district G. M., DeKalb county, and that the judgment was therefore void for want of jurisdiction. To the introduction of this evidence plaintiff objected, on the ground that the record showed personal service, and therefore the court had jurisdiction over the persons of defendants, and on the ground that the record of the court could not be impeached by oral evidence, and if the court did not originally have jurisdiction over the persons of defendants, their failure to appear and plead to the jurisdiction, after having been personally served, was a waiver of the question of jurisdiction. The objection was overruled. Morris & Murphy then both testified as indicated above, and plaintiff again moved to dismiss the affidavit of illegality, which motion was overruled and the illegality sustained. Plaintiff took the case by *certiorari* to the superior court, assigning as error the rulings of the court as stated. The *certiorari* was overruled, and plaintiff excepted.

W. W. HADEN, for plaintiff.
C. S. WINN, *contra.*