BERRIE, sheriff, for use, etc., *v.* TAYLOR, *et al.*

In a suit by a sheriff on a deputy-sheriff's bond, the petition should distinctly set out wherein the deputy had failed in his duty, and with certainty and precision allege facts showing a breach of the conditions of the bond.

Submitted January 13,—Decided February 7, 1903.

Certiorari.   Before Judge Bennet.   Glynn superior court.   June 30, 1902.

Berrie, sheriff of the city court of Brunswick, suing for the use of the Stewart Iron Works and of the Cambridge Tile Manufacturing Company, plaintiffs in certain executions issued on judgments of that court, brought an action therein against Taylor, his deputy, as principal, and against others as securities, on a bond given for the faithful performance of Taylor's duties as deputy-sheriff. A general demurrer to the petition was sustained.   The plaintiff

took the case to the superior court by certiorari; the certiorari was overruled, and he excepted. The material allegations of the petition are stated in the following opinion.

*D. W. Krauss*, for plaintiff.

LAMAR, J. This was a suit by the sheriff of the city court of Brunswick, on the bond given to him by his deputy, E. F. Taylor, in which it was alleged that certain plaintiffs in fi. fa. had ruled the sheriff for failing to collect the money on certain executions, and that on the trial the rule had been made absolute. The only reference to the deputy-sheriff, other than the allegations in regard to the giving of the bond, is a statement that the executions " were delivered into the hands of the said E. F. Taylor for service and attention; that upon the institution of said rule proceedings petitioner endeavored to procure from the said Taylor some action on his part looking to some amicable adjustment of said rule proceedings, but was unable to do so; petitioner knew nothing about the handling of said executions by the said defendant, E. F. Taylor; and a judgment absolute having been obtained against him, your petitioner shows that the defendants Taylor [principal], [and] Newman and Douglas [sureties on his bond] are each and all of them jointly and severally indebted to your petitioner in the said sum of principal, interest, and costs, as set out in said rule proceedings." This does not amount, either in form or in substance, to a charge that there has been any act on the part of the deputy-sheriff amounting to a breach of his official bond. The charge that the deputy-sheriff " refused to make any amicable adjustment," and that the sheriff himself " knew nothing about the handling of the executions" may be true, and yet the deputy may have been altogether free from fault. It is not a charge that there was any breach of the bond, nor does it put him on notice of any act of omission, commission, or negligence. Even if the deputy had been vouched into the rule proceeding, and a judgment had then been rendered against the sheriff, it would only have prevented the deputy from proving that the sheriff was not liable to the plaintiffs in fi. fa. to the extent determined in the rule absolute. When the sheriff sought to hold the deputy liable on his bond, it was necessary that he should fully, plainly, and distinctly set forth wherein the deputy had violated its conditions, in what the breach consisted, and the acts of negligence which the sheriff proposed to prove when the

case was submitted to the court and jury.  Was the deputy liable because he had failed to levy on personal property, had he failed to make return, or had he in any other way disobeyed the commands of the law or the proper instructions of the sheriff or of the plaintiffs in fi. fa. ?  A breach had to be alleged with certainty and precision, and, nothing of the sort appearing, no cause of action was set out.                    *Judgment affirmed.  By five Justices.*