8728.  COCHRAN *v.* WHITWORTH.

</div>

1. At common law, in the absence of proof of fraud or collusion, the return of the proper officer as to service of process was conclusive. *Georgia Ry. &c. Co.* v. *Davis*, 14 *Ga. App.* 790, 793 (82 S. E. 387).

2. The remedy by affidavit of illegality against an execution which has been issued, or which is proceeding illegally, is purely statutory, and affords no remedy except such as the statute provides. *State of Georgia* v. *Sallade*, 111 *Ga.* 700, 702 (36 S. E. 922).  Thus, a defendant in execution can not ordinarily, by this means, go behind the judgment upon which the execution is based (Civil Code of 1910, § 5311); but where the judgment is not merely voidable, but wholly void, as where the court was entirely and under all circumstances without jurisdiction, or where service on the defendant was never effected or waived, nor appearance made, affidavit of illegality is a proper mode of attacking an execution issued under the judgment so obtained (*Planters Bank* v. *Berry*, 91 *Ga.* 264, 18 S. E. 137; *Hilson* v. *Kitchens*, 107 *Ga.* 230, 33 S. E. 71, 73 Am. St. R. 119; *Kuhnen* v. *Burt*, 108 *Ga.* 471, 34 S. E. 125); and where an affidavit of illegality is thus interposed a common-law fi. fa., on the ground that the defendant therein has not had his day in court, there is no provision of law making it a prerequisite thereto that the defendant shall also show a valid defense to the suit wherein the judgment wholly void was rendered.  Civil

Code (1910), § 5311; *Maunde* v. *Keating*, 55 *Ga.* 396; *Dozier* v. *Lamb*, 59 *Ga.* 461 (2); *Knight* v. *Jones*, 63 *Ga.* 481.

3. If at the hearing of the issue thus made the record shows a regular entry of service by the proper officer, the entry, if not traversed, will be conclusive upon that issue (*Maunde* v. *Keating*, supra; *Lamb* v. *Dozier*, 55 *Ga.* 677; *O'Bryan* v. *Calhoun*, 68 *Ga.* 215); and it is necessary that the traverse of such return shall be made at the first term after knowledge thereof is had (*Knight* v. *Jones*, supra; *Wingfield* v. *Rhea*, 77 *Ga.* 84 (3*a*)); and not only is the burden upon the defendant in fi. fa. to show that it is thus made in time, but this fact should appear in the traverse itself. *Knight* v. *Jones*, supra; *Evans* v. *Smith*, 101 *Ga.* 86, 88 (28 S. E. 617); *Rawlings* v. *Brown*, 15 *Ga. App.* 162 (82 S. E. 803). The officer who made the return is a necessary party to the traverse (*Southern Ry. Co.* v. *Cook*, 106 *Ga.* 450 (2), 32 S. E. 585; *Green* v. *Grant*, 108 *Ga.* 751, 32 S. E. 846); and where the entry is made, not by the sheriff himself, but by his deputy, then both of these officers are necessary parties to the traverse (*Georgia Ry. & Power Co.* v. *Davis*, and *Rawlings* v. *Brown*, supra; *Southern States Phosphate &c. Co.* v. *Clark*, 19 *Ga. App.* 376, 91 S. E. 573); and if either of them be dead at the time the traverse is made, the legal representative of the deceased officer must be named and served in his stead.

4. Upon the trial of such a traverse the return of service is to be taken as more than merely prima facie true; and in order to justify a finding against the return, the evidence should be the strongest of which the nature of the case will permit, and even then it will not be deemed sufficient unless it be, in the opinion of the jury, so explicit and convincing as to show clearly that the entry of service is false. *Davant* v. *Carlton*, 53 *Ga.* 491; *Denham* v. *Jones*, 96 *Ga.* 130 (23 S. E. 78); *Phillips* v. *Wait*, 106 *Ga.* 589 (2) (32 S. E. 842).

DECIDED DECEMBER 13, 1917.

Affidavit of illegality of execution; from city court of Camilla—Judge Bush. August 11, 1915.

*Charles Watt Jr., Johnson & Warren,* for plaintiff in error.

*Peacock & Gardner,* contra.

JENKINS, J. The traverse offered in the court below to the return of the deputy sheriff was in form as follows: "And now comes G. A. Cochran, and, before the first term of the court after he received knowledge of the entry of service of the deputy sheriff in said cause upon deponent, and on the first day after he received said knowledge, files this his amendment to the affidavit of illegality heretofore filed in said case, and also his traverse; and for grounds of traverse says, that said entry of service upon deponent, heretofore made by the deputy sheriff, is untrue; and shows that Will Griner, the deputy sheriff who made said entry, is dead, and that there is no administration on his estate; and

prays the court to make the estate of the said Will Griner and the heirs of the said Will Griner, who are to deponent unknown, and C. D. Crow, sheriff of Mitchell county, parties to said illegality and traverse." This proffered amendment and traverse was disallowed by the trial judge, who directed a verdict against the defendant as to the issue of service, and entered up judgment allowing the levy to proceed. We are constrained to hold that this ruling was correct, for the reason that the legal representative of the deceased officer making the return of service was not made a party to the traverse. It is true that the traverse states that the deputy sheriff who professed to have made the service and who signed the entry thereof was then dead, and that there was no administration on his estate; and in this predicament the defendant, by his traverse, undertook to make the "estate" of the levying officer as well as his "heirs" parties to the proceeding. Both the Supreme Court and this court have repeatedly held that the officer making the return is a necessary party to the traverse. In the case of *Southern States Phosphate &c. Co.* v. *Clark,* 19 *Ga. App.* 376 (91 S. E. 573), many of these cases are collected and their purport to this effect is concisely stated, the effect of many of these cases being to hold that not only must the officer actually making the return be made a party to the traverse, but that when the return was made by an officer other than the sheriff himself, the latter also must be joined. In none of these cases is there the slightest intimation that the officer actually making the return could be dispensed with. The reasoning set forth in the case of *O'Bryan* v. *Calhoun,* 68 *Ga.* 215, as to why the sheriff and his sureties have a valid interest in the question raised by the traverse as to service, applies with equal force to the deputy and the sureties on his bond. While the sheriff and his sureties are liable on their bond for the acts of the deputy (Civil Code of 1910, § 4913; *Crawford* v. *Howard,* 9 *Ga.* 314; *Howard* v. *Crawford,* 15 *Ga.* 423), the deputy and his sureties are in turn liable on their bond either to the sheriff or to the litigants (Civil Code of 1910, § 4913; *Berrie* v. *Taylor,* 117 *Ga.* 56, 43 S. E. 411). While the finding upon the issue made by the traverse is conclusive upon the issue as to service, raised by the affidavit of illegality, still the traverse is a distinct and independent proceeding from the other; and in the trial of the issue made by the traverse the officer actually making

the return (together with the sheriff himself, if made by a deputy), is a necessary party. Thus the well-recognized and mandatory requirement that the officer actually making the return shall be made a party to the traverse, and be legally served as such, is not met by naming his "estate" in his stead (see *Knox* v. *Greenfield Estate,* 7 *Ga. App.* 305, 66 S. E. 805). Nor would the attempt to make his heirs come in and defend the traverse suffice. Upon it being made to appear that one of the necessary parties to the traverse was dead, and that his estate was unrepresented, it would have been the duty of the trial judge, upon request or motion made, and without the necessity of resort being had to equitable remedies, to hold up the determination of the issue made by the traverse until service on the necessary parties could be effected. It might be that the decedent in such a case did not leave an estate; and there is a line of decisions following the case of *Lowery* v. *Powell,* 109 *Ga.* 192 (34 S. E. 296), holding that administraton can not be had on an unrepresented estate for the purpose of maintaining a suit, where the decedent left no estate; but for the purpose of this proceeding, in which other parties have an interest, and where the deceased officer had given a bond with security to cover his official acts, we do not think the rulings just indicated would in any event stand in the way of procuring and making the party which the law holds to be necessary. For the reasons here indicated, we think the action of the court below was in accordance with law.

*Judgment affirmed.* *Wade, C. J., and Luke, J., concur.*