## 8714.  WEBB *v.* ARMOUR FERTILIZER WORKS.

An affidavit of illegality, denying service, is of itself sufficient to raise that issue only when no return of service exists; since a return of service is conclusive upon that question, in the absence of a timely traverse. Such traverse must show that it is filed at the first term after notice of the return is had, and must make the officer making the return a party to the proceeding. If the return be made not by the sheriff, but by a deputy, then not only such deputy actually making the entry, but the sheriff also, must be joined. (See *Cochran* v. *Whitworth,* ante, 406). If such traverse fails, as originally filed, to make proper parties, the defect may be cured by amendment at a subsequent term, and legal service may then be perfected. *Stone* v. *Richard-*

*son,* 76 *Ga.* 97. Although the traverse is a distinct and independent proceeding from the affidavit of illegality, yet it is permissible to include the former with the latter (*O'Bryan* v. *Calhoun,* 68 *Ga.* 215; *Dozier* v. *Lamb,* 59 *Ga.* 461); but in order for a timely traverse, however made, to stand as such and furnish the basis of such an amendment as indicated, it must plainly and unequivocally deny the truth of the return as shown by the entry of service.

DECIDED DECEMBER 13, 1917.

Affidavit of illegality of execution; from city court of Valdosta —Judge Cranford. March 7, 1917.

*J. J. Murray,* for plaintiff in error.

*Woodward & Smith,* contra.

JENKINS, J. Included in the affidavit of illegality is what the defendant in fi. fa. very strongly contends amounts to a distinct and independent traverse of the return of service. This language is as follows: "Deponent further says on oath that if on the main suit from which said fi. fa. emanated that she has been served by any officer authorized to do so, she here and now, on this date, it being of the first knowledge that she has of said suit and said fi. fa., traverses a return of said officer, and names the sheriff of this county party to said traverse, and serves him with written notice of this traverse." At a subsequent term of court the defendant sought to amend this traverse by specifically denying the truth of the return of service as made, and making the sheriff, and his deputy who made the return, parties to the traverse, and praying for service upon them according to law. This was by way of amendment, and did not purport to be made as an original traverse at the first term after knowledge was had of the return. The court refused to allow the amendment, and dismissed the affidavit of illegality.

The requirement of law is that the traverse shall be filed at the first term after knowledge is had of the return of service. It does not seem to have been contemplated that prior to such notice the defendant might file a provisional or conditional denial to a possibly existent return not alleged to exist in fact. We have been impressed with the argument presented by counsel for plaintiff in error. In none of the books have we seen a clearer or more concise statement upon the law on this subject than is presented in one of his briefs; but in the application made by him we can not agree. It is stated in the argument that the original traverse was

"a direct shot at any entry of service which might be disclosed by the record." While we think a "direct shot" is precisely what the law contemplates, still, it would seem that we have here an extreme case of "indirect firing," where the object of attack is not only unseen but is not even alleged to exist. It must be borne in mind that while the purpose of the affidavit of illegality may be to deny service, the issue formed on the traverse, which is a distinct and independent proceeding, is the truth or falsity of the specific statements actually contained in the return as made. But even if it were permissible to file a sort of blanket traverse denying the truth of the statements contained in any entry of service which, though as yet undiscovered, might be subsequently disclosed, we think that the denial would even then have to be explicit and unequivocal. The statement of the traverse as contained in the record, that "if on the main suit from which said fi. fa. emanated that she has been served by any officer authorized to do so, she here and now . . traverses a return of said officer," does not, in our opinion, meet this requirement. All that the traverse literally appears to say is that, if she was served, she traverses the return. Nor would it do to hold, as a general proposition, that a statement contained in a traverse, that it was made on the date when the first knowledge was had of the suit, would amount to a denial of the specific statements made by the entry of return. In point of fact, actual knowledge of a suit does not always and inevitably follow from legal service of process therein. The issue made by a traverse is not whether the defendant had knowledge of the suit, but whether or not the statement as actually contained in the return of service, is true. The subsequent specific denial not being offered as an original traverse, and its timeliness as such not being shown, but, on the contrary, being offered purely as an amendment to the original traverse, there was no error in rejecting it and in dismissing the affidavit of illegality.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*