18057.   HAMILTON *v.* CHITWOOD *et al.*

JENKINS, P. J. 1. An affidavit of illegality denying service raises no issue where there exists an untraversed return of service, since such an unimpeached return is conclusive upon that question. *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610); *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609), and cit.; *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (82 S. E. 803). Although a traverse to a return of service is a proceeding distinct and independent from an affidavit of illegality based upon a lack of service, it is nevertheless permissible to include the former with the latter, provided the traverse be filed at the first term after notice of the return of service (*Wilkes*

Executions, 23 C. J. p. 549, n. 82, 87, 91.
Process, 32 Cyc. p. 517, n. 28.

v. *Branch*, 18 *Ga. App.* 780 (90 S. E. 722) ; *Turpie* v. *Cow*, 18 *Ga. App.* 424 (89 S. E. 492) ; *Sanford* v. *Bates*, 99 *Ga.* 145 (25 S. E. 35) ; Civil Code (1910), § 5566), and provided further that the officer entering the return is made a party. *O'Bryan* v. *Calhoun*, 68 *Ga.* 215.

2. While the judgment of a court having no jurisdiction of the person against whom it is rendered may be void (Civil Code of 1910, § 5964; *McKnight* v. *Wilson*, 158 *Ga.* 153, 161, 122 S. E. 702), where the court has jurisdiction of the subject-matter and the defendant has been served, he can not attack the judgment by affidavit of illegality. *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E. 363) ; *McKnight* v. *Wilson*, supra; *Sanford* v. *Bates*, supra.

3. In the instant case, although the affidavit of illegality may have denied the truth of the entry of service made by the sheriff, since the officer was not made a party to the illegality proceeding embodying such a traverse, and since the only traverse to which the officer was made a party was not filed with the proper officer of court, or lodged with such officer for the purpose of remaining on file, at the first term after notice of such entry, or at any time prior to the trial of the affidavit of illegality, the court did not err in directing a verdict against the affidavit of illegality.

*Judgment affirmed.   Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 17, 1927.

Affidavit of illegality of execution; from Whitfield superior court—Judge Tarver.   January 31, 1927.

*William E. & W. Gordon Mann,* for plaintiff in error.

*J. A. McFarland,* contra.