## 20956. MASON v. STEVENS WAREHOUSE COMPANY.

BELL, J. 1. In the instant case, which arose by the filing of an affidavit of illegality to a levy made under a common-law execution, and in which a verdict was directed for the plaintiff in fi. fa., it was not error to refuse to grant a new trial on motion of the defendant "on the ground of the movant's absence on account of sickness at the time the case was tried; it appearing that, even though the movant was represented at the trial, no motion for continuance was then made, and it not being made to appear that the movant was at that time unable, by the exercise of due diligence, to communicate the fact of his illness to the court or his attorney." *Smith* v. *Fisher,* 23 *Ga. App.* 245 (98 S. E. 96).

2. There was no error in directing a verdict against the traverse of the sheriff's entry of service, since it was neither alleged nor proved that the traverse was filed at or before the first term after notice of such entry. Civil Code (1910), § 5566; *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610).

3. "While the judgment of a court having no jurisdiction of the person against whom it is rendered may be void (Civil Code of 1910, § 5964; *McKnight* v. *Wilson,* 158 *Ga.* 153, 161, 122 S. E. 702), where the court has jurisdiction of the subject-matter and the defendant has been served, he can not attack the judgment by affidavit of illegality." *Hamilton* v. *Chitwood,* 37 *Ga. App.* 393 (2) (140 S. E. 518). See also *Hartsfield* v. *Morris,* 89 *Ga.* 254 (15 S. E. 363); *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35). Under the ruling in the preceding paragraph, the defendant must be treated as having been duly served.

(a) Moreover, even could it be assumed that an affidavit of illegality was a proper remedy for attacking the judgment upon the ground of the defendant's nonresidence, the evidence failed to establish the essential allegation that the defendant had made no waiver of the alleged want of jurisdiction of his person. *Cobb* v. *Pitman,* 49 *Ga.* 578; *LeMaster* v. *Orr,* 101 *Ga.* 762 (29 S. E. 32); *Warwick Gin Co.* v. *Continental Gin Co.,* 143 *Ga.* 508 (2) (85 S. E. 700); *Tifton Compress Co.* v. *Robinson,* 31 *Ga. App.* 350 (2) (120 S. E. 701); *Georgia Creosoting Co.* v. *Moody,* 41 *Ga. App.* 701 (154 S. E. 294).

4. The court properly directed the verdict in favor of the plaintiff in fi. fa., and did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 16, 1931.

*W. T. Lane,* for plaintiff in error.
*R. L. LeSueur, J. A. Hixon,* contra.