22356. DAVIS *v.* WHITMER COMPANY.

DECIDED NOVEMBER 8, 1932.

*A. S. Johnson,* for plaintiff in error. *Frank S. Twitty,* contra.

SUTTON, J. H. C. Whitmer brought suit on a note in the city court of Camilla against J. E. Davis and J. H. Phillips. Process issued directed to the sheriff of Mitchell county, and to the sheriff of the city court of Camilla and his lawful deputies. Service was entered on the petition and process, as follows: "Georgia, Mitchell county. I have this day executed the within by handing copy of the within declaration and process to J. H. Phillips and J. E. Davis, the defendants, in person, upon this 21st day of July, 1930. W. J. Stratford, Deputy Sheriff." The defendants made no ap-

pearance and the case was marked in default, and at a subsequent term judgment was entered in favor of the plaintiff. Thereafter an execution issued on this judgment and was levied on certain property of defendant J. E. Davis. Thereupon Davis filed an affidavit of illegality in which he set up that the execution was proceeding illegally against him because he was not served by any officer of this State authorized to serve such process, did not acknowledge service of process or waive the same, and did not appear in court in any way and defend the suit, and that by reason of these facts he has not had his day in court. The sheriff of Mitchell county duly qualified and gave bond as the sheriff of the city court of Camilla, and W. J. Stratford was an appointed deputy sheriff of Mitchell county, and took oath and gave bond as deputy sheriff of said city court. The above facts were agree to by counsel for both parties and the case was submitted to the judge of the city court for decision without the intervention of a jury. He found in favor of the plaintiff in fi. fa. The defendant in fi. fa. moved for a new trial, the motion was overruled, and to this judgment he excepted.

1. It appears that the entry of service was made by one who had been appointed deputy sheriff of the court issuing the process, and who had taken oath and given bond as such, and that service was made on the defendant by this person. Unless properly traversed, such an entry is conclusive of the facts therein recited. *McKnight* v. *Wilson,* 158 *Ga.* 153, 161 (122 S. E. 702) ; *Schermerhorn* v. *National Fire Ins. Co. of Hartford,* 38 *Ga. App.* 470 (144 S. E. 395) ; *Bell* v. *New Orleans &c. R. Co.,* 2 *Ga. App.* 812 (59 S. E. 102) ; *Duckworth* v. *Boykin,* 114 *Ga.* 969 (41 S. E. 62) ; *Ragan-Malone Co.* v. *Padgett,* 33 *Ga. App.* 111 (125 S. E. 605).

2. It does not appear from the facts of this case that any traverse to the return of service was filed; and an affidavit of illegality, denying service, is of itself sufficient to raise that issue only when no return of service exists, since a return is conclusive upon that question, in the absence of such a timely traverse. *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409 (94 S. E. 610) ; *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609) ; *Hamilton* v. *Chitwood,* 37 *Ga. App.* 393 (140 S. E. 518). An affidavit of illegality will not take the place of a traverse of the officer's return. *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (82 S. E. 803) ; *Turpie* v. *Cox,* 18

*Ga. App.* 424 (89 S. E. 492). In such a case a defendant who has been served with process will not be permitted to go behind the judgment by affidavit of illegality on the ground that he has not had his "day in court." *Wilkes* v. *Branch,* 18 *Ga. App.* 780 (90 S. E. 722).

3. Applying the above principles, the court below did not err in finding against the affidavit of illegality and in overruling the motion for new trial made by the affiant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*