23428. DURDEN *et al. v.* SMITH BANKING COMPANY.

DECIDED JULY 24, 1934.

*Guy Alford,* for plaintiffs in error.

*Grayson C. Powell,* contra.

MacIntyre, J. An affidavit of illegality was interposed to the levy of a common-law fi. fa., denying that the affiants had been served with a copy of the petition or process upon which the judgment was based; and averring that they had not waived service and had neither appeared nor pleaded in said case, and had not had their day in court; also traversing the return made in said case. The affidavit alleged that subsequent to such entry of service and prior to the filing of the affidavit of illegality J. H. Medlock, the deputy sheriff making the return died and that "no executor or administrator has been appointed for his estate." G. F. Flanders, sheriff, and National Surety Company, surety on the deceased's deputy sheriff's bond, were by order of the court made parties to the affidavit. Upon objection of the National Surety Company the court dismissed the affidavit as to it. Plaintiff in fi. fa. objected to the affidavit upon the ground that no legal representative of the deceased deputy sheriff who made the return was made party to the affidavit, which objection the court sustained, and dismissed the affidavit. In the traverse of the return of a deputy sheriff, since deceased, it is necessary that his legal representative be named and served in his stead. The court properly dismissed the affidavit of illegality. See *Cochrane* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609). The affidavit of illegality does not show nor allege that there is *no estate* of the deputy sheriff upon which a legal representative could be appointed; and it is not necessary for this court to here decide the question of whether, if such fact were true, the affidavit would not be defective in failing to make a representative of the deceased deputy sheriff a party. However, see, in this connection, *Cochrane* v. *Whitworth,* supra.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*