36334. ALLEN *v.* McCORKLE.

Decided October 10, 1956.

*Stone & Stone,* for plaintiff in error.

*Philip Sheffield,* contra.

FELTON, C. J. The court erred in dismissing the affidavit of illegality. Even after the nunc pro tunc amendment, the return of service still did not show that such service had been made by a proper officer of the City Court of Blakely. The act creating the City Court of Blakely (Ga. L. 1906, p. 161) provides: "That the Sheriff of Early county shall be ex-officio sheriff of the said city court of Blakely." Nothing is expressed in the creating act concerning the appointment of deputies to the Sheriff of the City Court of Blakely. However, the act does provide as follows: "That suits in said city court shall in all respects be conformable to the mode of procedure in the superior court, except as herein provided, but the process and writs shall be annexed by the clerk of said court and attested in the name of

the judge thereof, and be directed to and served by the sheriff of the city court of Blakely, or his deputies, . . ."

The plaintiff in fi. fa. contends that under the act creating the City Court of Blakely, deputies of the Sheriff of Early County are authorized to serve processes and writs of the City Court of Blakely. Such contention is without merit. While under the act the Sheriff of the City Court of Blakely and the Sheriff of Early County, Georgia, are the same person, it does not follow that deputies of the Sheriff of Early County, Georgia, are by virtue of that office also deputies of the Sheriff of the City Court of Blakely. The act expressly provides that the writs and processes of the City Court of Blakely shall be directed to and served by the *Sheriff of the City Court of Blakely* or his deputies. This can have but one reasonable meaning and that is that the processes and writs of the City Court of Blakely can only be directed to and served by the Sheriff of the City Court of Blakely or deputy sheriffs of the City Court of Blakely. While there is no expressed provision in the act calling for the appointment of deputies by the Sheriff of the City Court of Blakely, the act does expressly recognize and provide that the Sheriff of the City Court of Blakely shall have deputies if he so chooses and, of necessity, the power to appoint such deputies by the Sheriff of the City Court of Blakely is implied.

It is contended that the traverse of service contained in the affidavit of illegality does not meet the requirements of law in that (1) it does not state that the traverse was filed at the term following notice, and (2) the traverse was provisional and conditional. These contentions are also without merit. The traverse alleged as follows: "Affiant further says that since the last term of this court, it has come to his notice, etc." We think the only reasonable construction that can be placed upon this allegation is that it was filed at the first term following notice. The traverse in whole was as follows: "This affiant was never served with a copy of the petition and process in said suit, and he never waived service thereof and he never appeared and pled therein and never authorized any person to do any of these things for him, and affiant has never had his day in court in this case. Affiant further says that since the last term of this court, it has come to his notice that there is what purports to be an entry of service

on the petition and process in said case signed 'C. W. Johnson,' without anything to show that C. W. Johnson was an officer of any kind, or that he signed such purported entry of service in any official capacity as a legal serving officer. Said purported entry of service is dated September 7th 1952 and recites that affiant was served personally. Affiant says that on September 7th 1952 S. W. Howell was Sheriff of Early County, Georgia, and ex-officio Sheriff of the City Court of Blakely. Affiant says that said purported return is illegal, void, and of no legal effect, and that it is untrue. Affiant says that if such return be legal and of effect that he does hereby traverse the same and prays the court to make S. W. Howell and C. W. Johnson parties to this case by proper order if it be legal to do so. He further says that the said C. W. Johnson is neither Sheriff of Early County, Georgia, or Sheriff of the City Court of Blakely, or a deputy sheriff of either of said courts. He further says that the said S. W. Howell is out of office as Sheriff of Early County, Georgia, and ex-officio Sheriff of the City Court of Blakely."

The plaintiff in fi. fa. relies on *Webb* v. *Armour Fertilizer Works*, 21 *Ga. App.* 409 (94 S. E. 610), where the court held that the traverse of service in that case was conditional and, therefore, without merit. In that case the traverse alleged, "Deponent further says on oath that if on the main suit from which said fi. fa. emanated that she has been served by any officer authorized to do so, she here and now, on this date, it being of the first knowledge that she has of said suit and said fi. fa., traverses a return of said officer, and names the sheriff of this county party to said traverse, and serves him with written notice of this traverse." In that case at a subsequent term of court the defendant sought to amend her traverse by specifically denying the truth of the return of service as made, and making the sheriff, and his deputy who made the return, parties to the traverse, and praying for service upon them according to law. In that case at the time the original traverse was filed, the defendant did not have knowledge of the contents of the return of service which was traversed. The court stated, "The requirement of law is that the traverse shall be filed at the first term after knowledge is had of the return of service. It does not seem to have been contemplated that prior to such notice the defendant might file a provisional or condi-

tional denial to a possibly existent return not alleged to exist in fact."

In the instant case at the time he filed the traverse, the defendant in fi. fa. had knowledge of the return of service he was attacking. In no way is the traverse in the instant case "provisional or conditional" in the sense intended by the court in the *Webb* case. The defendant in fi. fa. in the instant case contends that the service of which he had knowledge was illegal and void and further contends that if it should be found that such return of service was legal it was untrue. We do not think these are irreconcilable contentions. We do not think under the facts of this case that before he can traverse the truth of the service attacked that the defendant in fi. fa. must first abandon his contention that the return was void and illegal on its face and concede that such return was a legal one.

The court erred in dismissing the affidavit of illegality and traverse of service.

*Judgment reversed. Quillian and Nichols, JJ., concur.*