*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

37231. TOWN FINANCE & THRIFT CORPORATION *v.* FRANKLIN LIFE INSURANCE COMPANY.

DECIDED JULY 16, 1958—REHEARING DENIED JULY 30, 1958.

*Kyle Yancey, Harris Bullock,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Alex W. Smith, Jr., James R. Harland, Jr.,* contra.

GARDNER, Presiding Judge. The question to be determined is whether or not the judgment dated April 10, 1958, wherein the court sustained the motion of the plaintiff in execution to strike the traverse to the writ and sustain the garnishee's motion to set aside and vacate the judgment of March 4, 1958, was a correct judgment.

Counsel for the plaintiff in execution contend that the attack made by the defendant in execution was in the nature of an affidavit of illegality, while counsel for the defendant in execution contend that a proper traverse of the return of service was made. We have studied the acts of the General Assembly creating the Municipal Court of Fulton County (now the Civil Court of Fulton County) Ga. L. 1913, p. 145 et seq., and have arrived at the conclusion that judgments such as now before us remain in the breast of the court during the term in which such judgments were rendered and may be modified or changed at any time during that term. Under this view the Judge of the Civil Court of Fulton County had a right to decide, during the same term, that there was no legal service made. See *Davison-Paxon Co.* v. *Columbia Building &c. Assn.,* 47 *Ga. App.* 426 (1) (170 S. E. 703). The record before us shows that the judge did not abuse his discretion in this respect because he had a good, sufficient, and meritorious reason to set aside the judgment, which must be shown under the many rulings of this court and the Supreme Court. *Cofer* v. *Maxwell,* 201 *Ga.* 846 (41 S. E. 2d 420) does not hold

contrary to this principle of law. In *Burger* v. *Dobbs*, 87 *Ga. App.* 88 (73 S. E. 2d 75) service was not disputed. We will not go into all of the cases cited by the plaintiff in execution, since they are not applicable to the act creating the Civil Court of Fulton County now under consideration. This court, in dealing specifically with that act in *Longshore* v. *Collier*, 37 *Ga. App.* 450 (2) (140 S. E. 636) said: "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularities not appearing on the face of the record."

The Judge of the Civil Court of Fulton County did not abuse his discretion in vacating and setting aside the previous judgment, during the same term, on the issue now under consideration.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*