21931.   DEICH et al. v. AMERICAN DISCOUNT COMPANY.

Argued February 11, 1963—Decided March 7, 1963—
Rehearing denied March 25, 1963.

*Crawford, Leeb & Calhoun, John R. Calhoun,* for plaintiffs in error.

*Kennedy & Sognier,* contra.

DUCKWORTH, Chief Justice. Where an entry of record made by the proper officer recites that the defendants were personally served with a copy of the process, it is conclusive evidence of service until set aside by a traverse as provided in *Code* § 81-214. To be valid such traverse must deny the truth of the entry of service. *Dozier v. Lamb,* 59 Ga. 461; *Parker v. Rosenheim,* 97 Ga. 769 (25 SE 763). But if the purported traverse as originally filed falls short of the requirements of law, is amended without objection to meet all requirements, an exception to a ruling on a motion to dismiss the traverse as amended does not authorize a ruling on whether or not the amendment should have been allowed but presents only a question of whether, as thus amended, the traverse was subject to the motion to dismiss. This question is settled by the ruling in *O'Shields v. Georgia Pacific R. Co.,* 83 Ga. 621 (1) (10 SE 268, 6 LRA 152), where it is said: "After a declaration has been amended, a motion to dismiss the action raises no question as to the right to amend, but only touching the sufficiency of the declaration as amended." At page 623 of the opinion this court said: "Surely, if a waiver of any objection whatever to an amendment would not result from demurring generally to all the plaintiff's pleadings, raising no question as to the right to amend, we know of nothing from which such a waiver would result."

Even though the original traverse might have been insufficient, the bill of exceptions does not present that question for a decision, and, hence, none can be made by the reviewing court. The amendment was allowed, and there is no exception to the allowance, which cured any defects, and since the traverse as thus amended fully denies the truth of the entry of service, it thus meets all requirements of law. It therefore was not subject to the motion to dismiss.

We find nothing wrong with the statement of law by the Court of Appeals that the traverse must plainly and unequivocally deny the truth of the entry of service but hold that it erroneously passed upon the allowance of the amendment, and because of this error, rendered an erroneous judgment.

*Judgment reversed. All the Justices concur.*