## 45094. NORTHERN FREIGHT LINES, INC. v. FIREMAN'S FUND INSURANCE COMPANIES.

QUILLIAN, Judge. This case is here on appeal from the sustaining of a motion to dismiss which was addressed to a motion to set aside a final judgment entered in garnishment proceedings. The garnishee, appellant here, contended that service was not had on it as required by *Code* § 46-106; thus, the judgment which was rendered upon the garnishee being in default was invalid.

The return of service recited: "I have this day served summons of garnishment issued upon within affidavit and bond on Northern Freight Lines by serving the same on Mr. Morris its agent and personally in charge of the office and place of

business at the time of service of said garnishee in said county." Corporate garnishee sought to show by affidavit of its agent that at the time of service another individual other than named in the summons was actually the person in charge of the garnishee's office and place of business. *Held:*

It should be noted that the legislature has repealed *Code* § 81-214 which provided for traverse of entry of service. However, we find no legislative intent that this formerly separate procedure be incorporated in a motion to set aside. Section 60 (d) of the Civil Practice Act now provides: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." *Code Ann.* § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). Here the defect alleged could be reached only by going behind the face of the record, and thus this pleading does not meet the requisites of a motion to set aside. *Golden Star v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756).

Since it is brought in the Civil Court of Fulton County, the motion can not be considered as a complaint in equity under Section 60 (e) of the Civil Practice Act, to which the old principles contained in the cases decided under *Code* §§ 37-219 and 110-710, are still applicable. *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828); *Code* § 37-101; *Code Ann.* § 81A-182 (Ga. L. 1966, pp. 609, 670). Cf. *Barrett v. Asbell,* 225 Ga. 521 (169 SE2d 779).

There is authority for the proposition that a court in a proper independent proceeding with the necessary process, might exercise the jurisdiction, which obtained at common law, to set aside judgments for irregularies not appearing on the face of the record. *Town Finance &c. Corp. v. Franklin Life Ins. Co.,* 98 Ga. App. 64, 68 (104 SE2d 640); *Union Compress Co. v. Leffler & Son,* 122 Ga. 640 (50 SE 483); *Roberts v. Roberts,* 150 Ga. 757 (1) (105 SE 448). However, we need not determine the present viability of that rule in conjunction with Section 60. For, even if it be construed as proper to consider extrinsic facts in a motion of this nature, we point out that the marshal and deputy marshal who served the process were not made parties.

Our appellate courts have long recognized that sheriffs and their deputies must be parties to proceedings traversing their entry of service. *Webb v. Armour Fertilizer Works Co.,* 21 Ga.

App. 409 (94 SE 610); *Hamilton v. Chitwood*, 37 Ga. App. 393 (1) (140 SE 518); *Chastain v. Alford*, 193 Ga. 551, 553 (19 SE2d 721). This is based on the sound policy that the sheriff is liable on his bond for failure to exercise due diligence in the serving of process. *Code* § 24-2813. The Act creating the Municipal Court (presently the Civil Court of Fulton County) provides that the marshal of the court obtain a bond and that his duties are substantially those of a sheriff. Ga. L. 1913, pp. 145, 157. It is therefore apparent that for yet this additional reason the motion to set aside was properly dismissed.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

ARGUED FEBRUARY 2, 1970—DECIDED MAY 22, 1970.

*Reed & Dunn, R. Elliott Dunn, Jr.*, for appellant.
*Louis D. Yancey, Jr.*, for appellee.