## 45957. SAINT FRANCIS HOSPITAL, INC.
## v. DION et al.

Deen, Judge. 1. When the defendant, Saint Francis Hospital, Inc., was incorporated on July 3, 1947, former *Code Ann.* § 22-1802 (Ga. L. 1937-38, Ex. Sess., p. 214, Sec. I) provided: "The persons desiring the charter shall present . . . to the superior court of the county in which the principal office of the corporation is to be located" a petition stating "(f) The county in which the principal office of the corporation is to be located but with the privilege, if the same be desired, of establishing branch offices and places of business elsewhere." The petition was presented to a judge of the Superior Court of Fulton County and the charter contained the statement: "That the legal office of said corporation under its charter shall be Fulton County, Georgia, but said corporation has the privilege of establishing its actual office and principal place of business in Muscogee County, Georgia."

*Code Ann.* § 22-1814.1 (Ga. L. 1947, p. 1544) establishing the method for changing the *principal* place of business as opposed to a branch office had been approved on March 28 of that year immediately prior to the filing of the petition for incorporation in July and it provided for amending the charter when the principal office of the corporation was desired to be in another county by petitioning for a charter amendment to the judge of the superior court of the county to which the office was to be transferred. This was not done. Obviously, then, the principal office and place of doing business at the time of incorporation was Fulton County, Ga. Under the present Georgia Business Corporation Code (Ga. L. 1968, p. 565 et seq.), *Code Ann.* § 22-404 provides: "For the purpose of determining venue each domestic corporation . . . authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained. If any such corporation fails to maintain a registered office it shall be deemed to reside in the county in this State where its last-named registered office or principal office, as shown by the records of the Secretary of State, was maintained." Registration is accomplished by means of stating the initial registered office in the articles of incorporation (*Code Ann.* § 22-802) which need not be the same as its place of business (*Code Ann.* § 22-401 (1)) and which it may change by executing and filing a statement to that effect with the Secretary of State (*Code Ann.* § 22-402 (a, 2)) or by indicating such change on its annual report (*Code Ann.* § 22-402 (c)). The defendant corporation, legally resident in Fulton County at the time of its incorporation, has made use of none of these methods to indicate to the State of Georgia and the general public doing business with it that it has no place of doing business in Fulton County and desires to be considered resident in Muscogee County. Although it did in fact file an annual return as required by law it failed to name thereon any registered office, and accordingly, the legal presumption arises that such residence remains the same as it was at the time of incorporation. For this reason alone the trial court properly denied a motion for summary judgment filed by the defendant corporation and setting out by means of two affidavits that its place of

business was as a matter of fact Muscogee County, Ga., that it did not have and never had had a place of doing business in Fulton County, and that the plaintiff's action against it, filed in the Superior Court of Fulton County, was a mere nullity because the court was without jurisdiction of either of the defendants.

2. Furthermore, the petition in this action shows the following return of service on the appellant: "Georgia, Fulton County. Served the defendant St. Francis Hospital, Inc. a corporation, by serving Sister Mary Evelyn Fritz by leaving a copy of the within writ and summons with Sister Mary Evelyn Fritz, Administrator, at the office and place of doing business of said Corporation, in Fulton County, Ga. This July 25, 1969. G. S. Hamer, Deputy Sheriff." Although the defendant attached an affidavit of Sister Fritz denying that the corporation was a resident of Fulton County (which, at most, would make a jury issue on the subject), the affiant fails to deny that she was in fact served at its office in Fulton County as the return states. Under former *Code* § 81-214, an entry of service by a proper officer "is conclusive evidence of service until set aside by a traverse." *Deich v. American Discount Co.,* 218 Ga. 726 (130 SE2d 595). Prior to that enactment, and under the common law, the entry of the sheriff was conclusive and evidence could not be admitted to the contrary. *Davant v. Carlton,* 53 Ga. 491; *Cochran v. Whitworth,* 21 Ga. App. 406 (1) (94 SE 609). Such entry, in any event, is of more than prima facie validity, and, to set it aside "the evidence must not only be the strongest of which the nature of the case admits, but it must be clear and convincing as to the falsity of the return." *Denham v. Jones,* 96 Ga. 130, 133 (23 SE 78). To carry such burden it is still necessary to join the sheriffs and their deputies in any proceeding seeking to set aside the entry of service. *Northern Freight Lines v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786 (175 SE2d 104). Not only was this not done in the present case but there is in fact no denial of the return of service, merely a contention that the defendant's place of business is not as a matter of fact in Fulton County. This is entirely insufficient to pierce the allegations contained in the record.

The trial court did not err in overruling appellant's motion for summary judgment based on improper venue, improper jurisdiction, and improper service of process.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED FEBRUARY 1, 1971—DECIDED FEBRUARY 19, 1971.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jerry B. Blackstock,* for appellant.
*Beryl H. Weiner,* for appellee.