50347, 50348. JERE POWER CAR LAND, INC. v. MOSS; and vice versa.

STOLZ, Judge.

Jerrell D. Moss sued Jere Power and Jere Power Car Land, Inc. in the State Court of DeKalb County, for damages for fraud connected with the sale of an automobile. The complaint alleged that both defendants were residents of said county. The individual defendant could not be found for service of summons in DeKalb County, but was subsequently served with second original summons by a deputy marshal of Gwinnett County on April 15, 1974. The complaint did not contain a prayer for the issuance of second original summons. Service on the corporate defendant in DeKalb County was attempted but no officer or agent could be found within that county notwithstanding the fact that in its petition for charter the registered office of the corporation was given as a DeKalb County address. No change of registered office is found in the office of the secretary of state. The plaintiff then sought to obtain service on the corporate defendant by serving the secretary of state

pursuant to Code Ann. § 22-403 (b) (Ga. L. 1968, pp. 565, 583; 1969, pp. 152, 199) and Code Ann. § 81A-104(d)(1) (Ga. L. 1966, pp. 609, 610, as amended). The secretary of state sent a copy of the complaint and summons to the corporate defendant at its last known address by registered mail with return receipt requested, which was received and accepted by "Garry Biaunla" (sp.?), on April 25, 1974. Neither defendant filed defensive pleadings or made any appearance in the case. On September 19, 1974, the plaintiff took default judgment for $1,800 principal, $241.50 interest, plus $2,000 punitive damages and $20 court costs. On October 1, 1974, the defendants filed a joint motion to set aside the judgment on the grounds that the defendants were not properly served and were not subject to the jurisdiction of the court.

At the hearing on the motion to set aside, the trial judge set the judgment aside as to the individual defendant, but declined to do so as to the corporate defendant. The parties appeal the orders adverse to their respective interests.

1. The trial judge erred in setting aside the judgment against defendant Jere Powell. While the evidence showed that the individual defendant was a resident of Gwinnett County and was at all times pertinent, he is but one of two joint tortfeasors. Under these circumstances the suit is maintainable in the county of either's residence. Art. VI, Sec. XIV, Par. IV, Constitution of Georgia (Code Ann. § 2-4904). The fact that summons was issued by second original without a prayer for such in the complaint, does not require a different result. This defect is amendable. *White v. Hart,* 35 Ga. 269 (1); *Cox v. Strickland,* 120 Ga. 104 (9) (47 SE 912). The motion to set aside must be based on nonamendable defects appearing on the face of the record or pleading. Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; as amended, 1974, p. 1138).

2. The trial judge correctly denied the motion to set aside as to the corporate defendant. As we have heretofore noted, the corporate defendant was regularly served through the secretary of state at its last registered address in DeKalb County. See *St. Francis Hospital v. Dion,* 123 Ga. App. 360 (181 SE2d 72).

*Judgment affirmed in Case No. 50347; reversed in*

*Case No. 50348. Deen, P. J., and Evans, J., concur.*

Submitted February 25, 1975 — Decided April 8, 1975.

*Hendon, Egerton, Harrison & Glean, Michael Anthony Glean,* for appellant.

*R. John Genins,* for appellee.